## McBARNETT AND KERR v. BREED.

1. When a suit is commenced by one for the use of another, in a justice's court, and an appeal is taken by the plaintiff, it is no defect if the name of the nominal party is omitted in the appeal bond.

2. The surety in an appeal bond is only liable to the extent of the penalty of the bond, and when that is only 5 25-100 dollars, this court will judicially notice that the costs must exceed that sum. It will therefore correct the judgment as a clerical mis-entry, and amend it so as to render judgment, against principal and surety, for the costs, not exceeding the penalty, and for the excess against the principal only, at the costs of the plaintiff in error.

WRIT of error to the Circuit Court of Randolph county.

This case was commenced in a justice's court, in the name of Frazier, for the use of McBarnett, against Breed. The defendant had judgment in that court, and recovered 2 dollars and 68 3-4 cents for his costs. McBarnett appealed to the circuit court, and executed a bond, in the penalty of 5 25-100 dollars, with the condition prescribed by statute, with Kerr as his surety. In this bond, the suit is described as one by McBarnett v. Breed, and Frazier's name is entirely omitted. In the circuit court, the judgment was also for the defendant, and is entered, that he re-

cover of the plaint.ff, and Kerr, as his surety on the appeal bond, his costs of suit.

McBarnett and Kerr now prosecute the writ of error, and assign—

1. That the court erred in rendering judgment against Kerr on the state of facts disclosed by the record.

2. In rendering any judgment against Kerr on the record.

S. F. Rice, for the plaintiffs in error, insisted—

1. That the bond was not a statutory bond, in consequence of the omission of Frazier's name as plaintiff in the suit; therefore, no judgment can be given on the bond.   [Quinn v. Adair, 4 Ala. Rep. N. S. 315.]

2. The judgment against the surety, under no circumstances, could properly have been for more than the penalty of the bond; and the court knows, judicially, that the costs of such a suit must exceed the penalty inserted in this.

W. B. Martin, contra.

GOLDTHWAITE, J.—1. The omission to set out in the appeal bond, that the suit was in the name of Frazier for the use of McBarnett, is a matter of no importance whatever, because the latter is to be considered as the actual plaint.ff, and is the only one who could enter into the bond for the appeal.  This will seem entirely clear when our statute. providing that a suit shall not abate in consequence of the death of a nominal plaint.ff, is considered.  [Clay's Digest, 313, § 3].

2. In Quinn v. Adair, [4 Ala. Rep. N. S. 315,] we held, that the statute, requiring the party appealing from a justice's judgment to give bond and security for the appeal, applied as well to the plaintiff as to the defendant; but as the penalty of the bond is only to be in double the amount of the judgment below, it is evidently, in most cases, a very insufficient security.  The circumstance that it is so, will not, however, warrant us in saying, that the surety can be made liable beyond the penalty of the bond.  Here, the penalty is only for 5 25-100 dollars; and although the judgment does not state the amount of the costs, we feel obliged judicially to notice, that they must necessarily exceed that sum.

The proper judgment, in this case, would have been, that the

defendant recover of the plaintiff and Kerr, his security in the appeal bond, the costs of this suit, not exceeding the penalty of the bond; and if the same shall be found to exceed the said penalty, then the excess beyond of the said plaintiff. As this judgment is a clerical mis-entry, which, under the statute, [Clay's Digest, 322, § 54,] could have been amended by application to the court below the, amendment must be here made at the costs of the plaintiff in error.