Seamans, et al. v. White.

---

## SEAMANS, ET AL. v. WHITE.

1. When a claim is interposed to property levied on by attachment, the claim suit is wholly independent of the attachment suit, at least so long as it is pending.   If the claim suit is determined against the claimant, the proper judgment is a condemnation of the property, viz : that it is subject to the levy of the attachment, and be sold to satisfy the judgment in the attachment suit, if one then exists, or is afterwards obtained.   No execution can issue upon this judgment, except for the costs of the claim suit.

2. The assessment by the jury in the claim suit, of the value of the property levied on, is mere surplusage, and does not vitiate.

3. When the creditors of a vendor levy on property claimed by another, by a previous purchase and delivery, if any suspicion is cast upon the fairness

of the sale, the jury may infer fraud, unless an adequate consideration is proved.

4. When, by order of the Court, new securities are substituted for those originally given in a claim suit, the former are discharged.

5. The surety is not bound beyond the penalty of the bond, and a judgment against him for a larger sum, will be here amended at the costs of the plaintiff in error.

6. When an order is made for the reference of a cause to arbitration, and a trial is afterwards had before a jury, without setting aside such order, it will be considered to have been waived.

Error to the Circuit Court of Lawrence.

THE defendant in error commenced a suit by attachment, against John McBride, for fifty dollars, before a justice of the peace, as an absconding debtor, which was levied on a waggon. The waggon was claimed by Joshua Seamans, who gave bond to try the right. A trial was had before the justice, and verdict and judgment that the property was subject to the levy. From this judgment Seamans appealed to the Circuit Court, and gave bond in the penalty of one hundred dollars, for its prosecution, with A. Woodall and H. Crowley as his securities; and subsequently, upon an order that he give new security or be dismissed, gave a new bond with Dukemenier as surety, in the penalty of one hundred dollars. After several continuances, an order was entered of record, that by agreement of the parties, the matter was referred to the arbitrament of certain persons who are named in the order. No action appears, from the record, to have been had upon this order, but after several continuances, the parties went to trial upon an issue before the jury, whether the waggon was the property of Seamans, or subject to the levy of the attachment. The jury found the issue for the plaintiff, and that the waggon was at the time of the levy the property of John McBride, and liable to the satisfaction of the plaintiff's demand. They also assessed the value of the waggon at fifty dollars.

Upon the trial, it appeared in evidence, that a short time before McBride left the State, Seamans purchased from him a carryall, which he afterwards exchanged with him for the ox cart or waggon levied upon, and left the waggon in the possession of a third person. Facts were also proved, tending to show that Seamans was privy to, and aiding McBride in escaping to Tennessee, to

83

avoid the payment of a debt due by him to the Bank. Upon these facts, the Court charged the jury, that if McBride owned and possessed the carryall and waggon, until within a few days of his going to Tennessee, and that the claimant purchased the carryall of him, and at the same time and before he took possession of it, exchanged it with McBride for the waggon, and had not shown to the jury, any or what consideration he gave for the carryall, his failure to prove the consideration, was a circumstance from which unexplained they might infer, that claimant held the waggon fraudulently, to which the claimant excepted.

The Court rendered judgment upon the verdict, that the waggon was liable to the levy of the plaintiff's attachment; that he recover the property levied on for the satisfaction of his attachment, and that he recover of Seamans and Dukemenier his surety in the appeal bond, the costs, which from the certificate of the clerk, it appears, amounted to two hundred and seventy-nine dollars and twenty.eight cents.

The assignments of error are,

1. The matter of the bill of exceptions.

2. In rendering judgment without disposing of the order for arbitration.

3. In giving judgment for the plaintiff for the property claimed.

4. In giving judgment that the property was subject to the attachment, before a judgment in favor of the plaintiff upon the attachment.

5. The verdict was not responsive to the issue.

6. In giving judgment against Dukemenier, and not. against the other sureties to the appeal bond.

7. In rendering an indefinite judgment against the surety to the appeal.

8. In giving judgment against the surety for a greater amount than the penalty of his bond.

Ligon and Peters, for plaintiffs in error, cited 9 Porter, 39, 70; 5 Ala. 383; 4 Id. 367; 2 Id. 354; 5 Ala. 297; 2 Bouv. Law Dic. title "Purchaser;" Chitty on Con. 111; Clay's Dig. 50, § 1; Id. 211, § 52, 55; Id. 57, § 11; 5 Ala. 770; 6 Id. 27; 5 Id. 778; 6 Id. 32; 7 Porter, 218; 6 Id. 718; Minor, 185; 4 Ala. 671; 5 Id. 531.

Seamans, et al. v. White.

L. P. WALKER and W. COOPER, contra.

ORMOND, J.—When a claim is interposed under the statute, to property levied on by an attaching creditor, the suit consequent upon the interposition of the claim, is wholly independent of the attachment, at least, so long as the attachment suit is pending. It is therefore unimportant when the claim suit is determined, whether a judgment has been obtained by the plaintiff against the defendant in attachment, or whether the suit is still pending. If it has not been determined against the plaintiff in attachment, upon obtaining a verdict in the claim suit, against the claimant, he is entitled to a judgment of condemnation of the property, viz: that it is subject to the levy of the attachment, and that it be condemned to the satisfaction of the judgment, if one is obtained.

Such is, in effect, the judgment of the Court in this case. The attachment suit being in the justice's court, it does not appear whether a judgment has been obtained against the defendant, or not. If such a judgment has been or is hereafter obtained, the waggon may be sold under an execution issued upon that judgment. If no such judgment exists now, or is rendered hereafter, the claimant cannot be prejudiced, because in no event can an execution issue upon this judgment, except for the costs. The finding of the jury that the waggon was liable to the plaintiff's demand, and their assessment of its value, was mere surplusage which does not vitiate the residue of the verdict, in which they find the issue for the plaintiff.

We can perceive no error in the charge of the Court. Although ordinarily, when it is proved that an article has been sold and delivered, the payment of the consideration may be presumed until the contrary is shewn, yet when the creditors of the vendor assert a claim to the property thus sold, and circumstances exist raising a doubt of the fairness of the transaction, between the vendor and vendee, it is incumbent on the latter to prove the payment of an adequate consideration. The facts proved in this case were sufficient, if believed by the jury, to cast suspicion upon the sale, and to justify the jury in inferring that the transaction was fraudulent, unless shown to be otherwise by proof of a sufficient consideration.

The original security given for the appeal, being objected to as

insufficient, an order was made that "the plaintiff give new security in sixty days, or be dismissed." Pursuant to this order, a new bond was executed, with Dukemenier as surety, which it appears was accepted. This was a substitution of the new for the former surety, and operated to discharge the former from all liability. The surety was not, however liable beyond the penalty of his bond, and the judgment against him for an indefinite sum—the costs of the action, which might be for more than the penalty of the bond, and in this case was greatly beyond it, was unauthorized. The proper judgment to be rendered was, against the plaintiff and his surety for the costs, not exceeding the penalty of the bond, and for the excess, if any, against the plaintiff.

Such a judgment as the present, was held to be a clerical misentry, in McBarnett & Kerr v. Breed, 6 Ala. 476, and as such a judgment could have been amended in the Court below, by motion of the plaintiff, it will be amended in this Court at his costs. Such must be the judgment entered in this case.

As the parties went to trial before a jury, without notice of the former order, to arbitrate the matter, it must, in this Court, be considered a waiver of the order.

Let the judgment be remanded, at the cost of the plaintiffs in error.