## TRAMMELL vs. SIMMONS.

1. A vendee of land, with no other title than that confered by the bond of his vendor, cannot recover in ejectment against one who has subsequently acquired the legal title.

2. A vendor who retains the legal title and a lien for the purchase money has such an interest in the land as is the subject of mortgage, and a purchaser under a decree of foreclosure acquires, as against the vendor and his mortgagee, all the title which the vendor had.

Error to the Circuit Court of Dale.

THIS was an action of ejectment brought by the plaintiff against the defendant in error to recover possession of a tract of land in Dale county, and was submitted to the judgment of the court below on the following agreed state of facts: One John McKinney, being seized in fee of the land in controversy, sold it in 1839 to Amos Dubose, to whom he executed a bond conditioned to make title on payment of the purchase money. Dubose went into immediate possession, made valuable improvements, paid all the purchase money except fifty dollars, and while in possession, sold and conveyed the land to the plaintiff in error, who thereupon succeeded him in the possession. After the sale by McKinney to Dubose, but before the sale and conveyance by Dubose to the plaintiff, McKinney mortgaged the land to one Moses Matthews for a valuable consideration and without actual notice on the part of the mortgagee of the sale to Dubose. Matthews afterwards, and whilst the plaintiff in error was in possession, filed a bill in chancery against McKinney to foreclose the mortgage, and obtained a decree of foreclosure

under which the land was sold and purchased by the defendant in error, who subsequently procured a writ of possession to issue from said Chancery Court, by virtue of which the plaintiff in error was ejected and the possession of the land delivered to the defendant. The plaintiff in error was not made a party to the bill of foreclosure, but after being turned out of possession filed a petition in said Chancery Court, setting forth the above facts and praying that he be restored to the possession of the land, which petition is still pending. The court below gave judgment for the defendant, which is now assigned as error.

F. S. JACKSON, for the plaintiff.

BUFORD, for the defendant.

CHILTON, J.—This court has uniformly held that the holder of a bond for title executed by one having the title to the land cannot defend *at law* against the vendor—(Chapman v. Glassell, 13 Ala. 50)—neither has he such an interest as can be sold under execution at law against him, and the purchaser at such execution sale cannot maintain an action even against such equitable holder to turn him out of possession.—Elmore & Willis v. Harris, 13 Ala. 360. In the case before us, McKinney, the vendor to Dubose, had received all the purchase money except fifty dollars. He then held the legal title to the land and a lien upon it, which the law gives a vendor, for the payment of the remaining sum of fifty dollars, that being the purchase money remaining due and unpaid. This interest which McKinney held in the land, namely, the legal title and the equitable lien, he had the right to mortgage. The mortgagee, however, would take but the interest which the mortgagor had—it may be the legal title only, or if he transfered the indebtedness of the first purchaser, then the lien for the purchase money. But it is unnecessary to determine what would be the respective rights of the parties in a court of equity. This is a proceeding at law, and we can only look to their legal rights. The plaintiff, Trammell, by his deed from Dubose takes no greater title than Dubose had, for no one can transfer a greater title than he has himself. He then must be regarded in the same condition with respect to this action that his vendor, Dubose, would have occupied. We have seen that his equitable title acquired by his

bond cannot be regarded in a court of law. His possession is notice to one who afterwards purchases from his vendor the legal title, and operates to make him take the title *cum onere*—that is, charged with the equities of the first purchaser. But the equitable title, we repeat, cannot be regarded in a court of law so as to warrant the party in bringing ejectment, and as in this case Trammell the plaintiff had but an equity at most, he is not entitled to recover unless he can do so upon his previous possession; for the law is that the plaintiff in ejectment must recover upon the strength of his own title and not on the weakness of that of his adversary. One in possession of land may recover against a trespasser who can show no title and who ejects him from the possession, or makes an unauthorised entry upon him. Badger v. Lyon, 7 Ala. 564. But Simmons in this case cannot be regarded in the light of a trespasser. He has purchased the interest of the mortgagor, McKinney, under the decree of foreclosure, and the Chancery Court has by writ of possession placed him in the actual occupation of the land. This proceeding, by which the plaintiff was turned out and the defendant invested with the possession of the land by the decree of the chancellor, may be very irregular and reversible, but we have no warrant for holding it absolutely void; the plaintiff has made himself a party to the proceedings and the record shows is now endeavoring by his petition to have himself restored to the possession which the court has taken from him. If the order in chancery was made for a writ of possession to issue against him without his being made a party, it is clear the order as to him would be void. Whether we can arrive at such conclusion from the agreed state of facts is somewhat questionable. But the view we take of the case renders it unnecessary to enquire whether the order transfering the actual possession was void or otherwise. The grantor, McKinney, had such an interest after his sale to Dubose as he could mortgage. Having made a valid mortgage, the mortgagee had a right to foreclose by his bill. The effect of such foreclosure upon Dubose, or those claiming the equitable title under him, is to leave him as he was before the decree was rendered—entitled to have a conveyance for the land upon making full payment. If his vendor, McKinney, has sold the land, the purchaser becomes in equity a trustee for the equitable owner, and the same is true of a purchaser

under the decree of foreclosure. We mean of course such purchasers as take with actual or constructive notice of the outstanding trust. Now it would be absurd to say, it seems to me, that McKinney had the right to mortgage, but that Matthews, the mortgagee, had no right to foreclose. It would be equally preposterous to hold that he had the right to foreclose and that the purchaser as against the mortgagor and mortgagee, the parties to the suit, should not acquire the legal title. True as the equitable holder, Trammell, was not made a party to the foreclosure suit, his equity remains unaffected by the proceedings, but that equity in this proceeding we are bound to lay out of view altogether, as *at law* we cannot look to it. The case then is nothing more nor less than this, the holder of the equitable title suing upon such title the holder of the legal title. It is clear such suit cannot be maintained.

Now if Trammell had held a deed from McKinney, even though it were subsequent to the mortgage, under the previous decisions of this court of Duval's Heirs v. McLoskey, 1 Ala. 708, and Glidden v. Doe on the dem. of Andrews, 10 ib. 166, he would have been entitled to recover, since he would have occupied the place of the mortgagor, who as to all the world but the mortgagee is considered the legal holder and owner of the land. The case would then present a very different aspect. Trammell would have possessed a title to which we could have looked—a legal title which would not have been at all affected by the decree of foreclosure to which he was no party. But as it is, he has no legal foundation on which to stand: And as he must recover upon his own title and having but an equity, he cannot recover in this action, but must resort to equity where his title can be asserted.

Let the judgment be affirmed.