## WITHERINGTON, Adm'r, vs. BRANTLEY.

18   197
99   493

1. A judgment having been rendered against W., as administrator, in a justice's court, he appealed to the Circuit Court. After the case reached the Circuit Court, the resignation of W. was suggested, but by whom the record fails to disclose, and *sciere facias* was awarded against the administrator *de bonis non*, without his being named. The clerk thereupon issued a *sci. fa.* against B. as the administrator *de bonis non*, who came in and demurred to it, and his demurrer was sustained. W., appearing by attorney and interposing no defence, judgment *nil dicit* was then rendered against him. *Held,* That W. was not discharged, but was still a party to the suit, and properly proceeded against as such.

2. It is error to render judgment against the security in an appeal bond for more than the penalty, but if done, it may be regarded as a clerical mis-entry, and amended here under the statute.

3. Where, on the trial of an appeal from a justice's to the Circuit Court, the sum in controversy is less than twenty dollars, a jury is not necessary, but, if the cause of action be an open account, the court cannot render judgment final, until the demand has been established by proof.

ERROR to the Circuit Court of Conecuh. Tried before the Hon. John J. Woodward.

WATTS & JACKSON, for the plaintiff in error:

1. The administrator had the right to resign, under our statute, and the administrator *de bonis non* was the proper successor in the suit.—See Skinner v. Frierson, 8 Ala. 915; Warren v. Rist, 16 ib. 686; Elliott v. Eslava, 3 ib. 568.

2. The plaintiff below could, at his election, retain the administrator in chief (unless he showed either a due administration, or a transfer of all the assets to the succeeding administrator,) or he might accept the resignation of administrator in chief, and proceed to make the administrator *de bonis non* a party. See Skinner v. Frierson, 8 Ala., *supra*.

3. The plaintiff below having accepted the resignation of the administrator in chief, and asked and obtained a *sci. fa.* to administrator *de bonis non*, thereby discharged the administrator in chief from further liability in this suit, and he must now look to the administrator *de bonis non*. He cannot, two terms after the resignation of the administrator in chief, after he has been discharged from court, get a judgment against him : And in rendering such judgment the court erred.

4. The court should have rendered judgment against the administrator *de bonis non*.

5. The court erred in rendering judgment against the security on the appeal bond for damages and all costs. The security was bound only to the extent of his bond.—See McBurnet & Kerr v. Breed, 6 Ala. 476; Windham v. Coates, 8 Ala. 235.

6. It was error in the court to render the judgment final by default against Witherington. There was no writing ascertaining the amount due. In such case, if the amount had been over $20, a jury should have ascertained the amount due —it being under $20—the court should have ascertained the amount due on proof. No judgment could have been rendered against Witherington, without proof, unless he had been present and consented to the amount, and this should appear on the record.—See Kennon v. Henderson, 6 Ala. 132.

BELSER & HARRIS, for the defendant:

1. Court can fairly presume that *scire facias*, found in the

Witheringtou, adm'r, v. Brantley.

record, is the work of the plaintiff in error, in the court below.

2. The demurrer sustained by the court was put in by a succeeding administrator, not by defendant in error; and it was interposed, after judgment had been fixed on the first administrator, *and without his accounting for the assets of the estate, or without handing them over to his successor.*—Thomason & Haynes v. Blackwell, 5 Stew. & Port. 181; Elliot's Adm'r v. Eslava, 3 Ala. 571; Driver v. Riddle, 8 Port. 343; Skinner v. Frierson, 8 Ala. 915.

3. There was no error in rendering the judgment as it is against the principal and his security, named in the appeal bond; but if there was, this court will correct it.—McBurnet & Kerr v. Breed, 6 Ala. 476.

. 4. The court will intend that the last judgment was rendered on proper testimony; and it is as fair to presume that the plaintiff in error was present when it was rendered, as that the defendant in error consented to the *scire facias.*

PARSONS, J.—Paul, to use of Brantley, commenced his action against Witheringtou as administrator of Dukes, before a justice of the peace in Conecuh county, and recovered a judgment. Witheringtou appealed to the Circuit Court of that county, giving J. C. King as surety in the appeal bond.

After the cause reached the Circuit Court, it was suggested, but it is not said by whom, that Witheringtou had resigned the administration, and thereupon a *sci. fa.* was awarded against the administrator *de bonis non.* It does not appear at whose instance this was done, nor who the administrator *de bonis non* was. But the clerk afterwards issued the *sci. fa.* against Isaac H. Betts as the administrator *de bonis non,* which was served on him. Mr. Betts demurred to the *sci. fa.* and his demurrer was sustained, which, among other things, will appear by the judgment entry, and that is as follows:

"ABRAM PAUL, USE OF HARRIS BRANTLEY,  }  *Judgment, March*
        *vs.*                           }  20*th,* 1850.
    A. L. WITHERINGTON, ADM'R.          }

" In this cause, this day came the parties by their attorneys, and the defendant, Isaac H. Betts, demurs to the *sci. fa.,* which demurrer was sustained by the court, and the defendant, Augus-

tus L. Witherington, having failed to say any thing in bar or preclusion of the plaintiff's action: It is therefore considered by the court, that the plaintiff do have and recover of the defendant, Augustus L. Witherington, administrator, and John C. King, his security in the appeal bond, the sum of four dollars and thirty cents for his damages, besides the costs in this behalf expended, for which execution may issue."

Mr. Betts is not a party to this writ of error, and it is no question in this case whether the demurrer was properly sustained or not. It is sufficient to say that he was not made a party in the cause, nor was Witherington ever discharged from it. On the contrary, the latter, by his attorney, appeared at the trial as the judgment entry shows. In this state of the proceedings, we think Witherington is still a party and that the plaintiff below had a right to proceed against him as such. But although the plaintiff below did no act, so far as he went, which could have the effect of discharging Witherington from the suit, yet the latter had the right to plead that he had duly administered, or that he had passed the assets to the administrator *de bonis non*, and thus the plaintiff's suit against him would have been barred, unless the plaintiff could successfully controvert the facts pleaded.—Skinner v. Frierson & Crow, 8 Ala. 915.

The plaintiff below recovered of Witherington, administrator, and his surety, the sum of four dollars and thirty cents and the costs. The sum recovered and the costs exceed the amount of the penalty of the bond, which is $5 25. The surety was not liable beyond the amount of his bond, and there is consequently error in the judgment. But as this is a clerical misentry, the amendment might be made here under the statute.—McBurnet & Kerr v. Breed, 6 Ala. 476. There is, however, an error in the judgment which can only be corrected by another trial. The judgment final was rendered because the defendant below "failed to say any thing in bar or preclusion of the plaintiff's action." The action was not founded on a writing for the payment of a sum of money, but on an open account. As the sum sued for was less than twenty dollars, a jury was not required, but the court should have heard the evidence and decided the matter of controversy.—Kennon v. Henderson, 6 Ala. 132. It cannot be infered from the fact that the defendant failed to say any thing in bar, &c. that he intended to confess

judgment. If that had been the case, the judgment would have been in a different form. The judgment is reversed and the cause remanded.