## BENNETT'S ADM'R vs. BENNETT.

[BILL IN EQUITY BY WIDOW, AGAINST HUSBAND'S ADMINISTRATOR.]

1. *When widow may come into equity, against husband's administrator.* A widow cannot maintain a bill in equity, against the administrator of her deceased husband, to recover money belonging to the *corpus* of her statutory separate estate, which the husband had received in his life-time, and had not paid over or accounted for. (A. J. WALKER, C. J., *dissenting*.)

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Mrs. Margaret C. Bennett, the widow of Jerome Bennett, deceased, against Burgess Bennett, the administrator of said Jerome Bennett; and alleged the following facts: That the complainant and said Jerome Bennett were married in Wilcox county, Alabama, in June, 1850; that the complainant at that time owned a large amount of personal property, which was in the hands of her guardian, and certain real estate in Mississippi; that her husband afterwards received from her guardian a large amount of money belonging to the complainant's separate statutory estate, and the money

arising from the sale of her lands in Mississippi, which he never paid over or accounted for, but converted to his own use; and that he died in 1855. The prayer of the bill was, "that an account may be taken between complainant and the estate of her deceased husband, to ascertain what amount is due her from said estate, on account of moneys received by said Jerome Bennett in his life-time, belonging to the complainant's separate estate;" and for general relief. The defendant answered the bill, asserting his ignorance of its material allegations, and requiring proof thereof. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, and ordered an account to be stated by the master; and his decree is now assigned as error.

JNO. T. MORGAN, and D. W. BAINE, for appellant.

WATTS, JUDGE & JACKSON, *contra*.

STONE, J.—The case of Sessions v. Sessions, 33 Ala. 522, was decided on the basis, that the money sought to be recovered was the separate estate of Mrs. Sessions, under our statutes to secure to married women their separate estates. In that case, we held, that a bill in chancery would not lie against the administrator of a deceased husband, for money—the *corpus* of the separate estate—which the latter had received in his life-time, and had not accounted for.—See, also, Jenkins v. McConico, 26 Ala. 213.

The present case is, in principle, precisely the same as Sessions v. Sessions, and under its authority, the decree of the chancellor is reversed; and this court, proceeding to render such decree as the chancellor should have rendered, doth hereby order and decree, that the bill of complainant be dismissed, at her cost, both in the court below and in this court.

A. J. WALKER, C. J., dissents from this opinion, and is in favor of overruling Sessions v. Sessions, *supra*, and of holding that, in cases like the present, there is a concurrent remedy, both in law and in equity. In support of

his view, he cites the following cases : Andrews v. Huck-abee, 30 Ala. 143 ; and Jenkins v. McConico, *supra.*