## JEAN *vs.* SANDIFORD.

[STATUTORY ACTION FOR TRESPASS BY CATTLE.]

1. *Sufficiency of complaint in description of premises.*—In a statutory action to recover damages for a trespass by cattle, (Code, §§ 1099–1102,) if the complaint avers that the lands trespassed on are situated in the county, no other description of them is necessary.
2. *Damages, and interest; verdict.*—In such action, interest should not be allowed on the damages assessed by the jury; and if the jury, besides assessing the damages, also allow interest thereon, the latter part of their verdict should be rejected as surplusage.
3. *Judgment corrected and affirmed.*—Where the primary court improperly renders a judgment for damages and interest, as allowed by the jury, instead of rejecting the latter part of the verdict as surplusage, the error will be corrected on appeal, at the costs of the appellant.

APPEAL from the City Court of Mobile.
Tried before the Hon. H. CHAMBERLAIN.

THIS action was brought by Joel Sandiford, against Cientat Jean, and was commenced on the 15th January, 1862.

The original complaint was in the following words: "The plaintiff claims of the defendant the sum of two hundred and fifty dollars as damages, for that whereas, on the 30th December, 1861, and prior to, and since that time, the defendant's cattle broke down his (plaintiff's) fence, or inclosure, and entered into plaintiff's garden and field, and ate up and destroyed his crop of potatoes and other vegetables planted and growing therein, and injured, trespassed upon, and damaged his said garden and field, vegetables and crop, to plaintiff's damage as aforesaid; notwithstanding his said fence, or inclosure, was in all respects a lawful one." The defendant demurred to the complaint, and assigned the following as grounds of demurrer: "1st, because said complaint does not describe the premises on which the trespass was committed; 2d, because it does not aver that, at the time of the trespass, said land belonged to, or was in the possession of the plaintiff; and, 3d, because said complaint does not conform to the form prescribed by law for such action." The court permitted the plaintiff to amend his complaint, by adding at the end the following words—"said land being at the time in the possession of plaintiff, and situated in the county of Mobile;" and then overruled the demurrer. The defendant then pleaded not guilty, and issue was joined thereon.

The jury returned the following verdict: "We, the jury, find for the plaintiff, and assess the damages at two hundred dollars principal debt, and nineteen 32-100 dollars interest;" and the court thereupon rendered judgment for the plaintiff, for "the said sum of two hundred dollars principal, and nineteen 32-100 dollars interest, with the costs in this behalf expended."

There is no bill of exceptions in the record. The transcript contains what purports to be a petition by the plaintiff, addressed to a justice of the peace, asking the appointment of three disinterested persons to examine his inclosure, and to assess his damages; also, an order by the justice, appointing three persons for that purpose, and their report; but these papers are nowhere referred to in the judgment, nor are they made a part of the record by order of the court.

The judgment on the demurrer, and the judgment rendered on the verdict, are assigned as error.

W. C. EASTON, for appellant.

G. Y. OVERALL, *contra.*

STONE, J.—The complaint in this case, after it was amended, was sufficient. It describes the land as situated in Mobile county, and we think this made it good.—See Code, §§ 1099 *et seq.*

[2.] We do not think interest should have been allowed on the damages assessed by the jury. These damages are in the nature of a penalty fixed by statute, without any reference to fault or neglect on the part of the owner of the cattle committing the trespass. The penalty for the second, or any subsequent trespass, is double damages. If we allow interest on the first recovery, by the same rule we must allow it on each subsequent recovery. This would be an enlargement of the terms of the statute, which we feel unwilling to make.—See Code, § 1102. The cases in which we have heretofore held that the plaintiff was entitled to interest, are unlike this in principle.—See *Stoudenmire v. Williamson,* 29 Ala. 558–569 ; *Caldwell v. Sawyer,* 30 Ala. 283 ; *Rowland v. Shelton,* 25 Ala. 217, and authorities cited in each case. The verdict in this case ascertains the amount of the plaintiff's damages. What it affirms in regard to interest, should have been regarded as surplusage by the city court.

[3.] The error of the court below consists in awarding judgment for interest, when none was due. Such errors are in their nature clerical, and do not furnish ground for the ordinary judgment of reversal in this court, unless the primary court, on having its attention directed to it, refuse to make the correction.—See Code, §§ 3034, 3037 ; *Boyd v. Gilchrist,* 15 Ala. 849–856 ; *Gould v. Meyer,* 36 Ala. 571 : *McLeod v. The State,* 35 Ala. 398 ; *Jackson v. Shipman,* 28 Ala. 493 ; *Warfield v. State,* 34 Ala. 261 ; *Rambo v. Wyatt,* 32 Ala. 368; *Campbell v. May,* 31 Ala. 570; *Jones v. Brooks,* 30 Ala. 590 ; *Savage v. Walshe,* 26 Ala. 633 ; *Drane v. King,* 21 Ala. 558 ; *Witherington v. Brantley,* 18 Ala. 200; *Ivey v. McQueen,* 17 Ala. 411; *Crawford*

*v. Whittlesey*, 8 Ala. 807; *McBarnett v. Breed*, 6 Ala. 476; *Oliver v. Hearne*, 4 Ala. 271; *Weatherford v. Weatherford,* 8 Por. 171.

Having before us the data upon which to make the proper correction, we will do so. Let the appellant pay the costs of the appeal.