# Ullman & Co. *v.* Herzberg.

*Statutory Action for Damages, by Landlord against Tenant.*

1. *Holding over by tenant; "lands and tenements" include "brick storehouse," or "store-room."*—The words "lands and tenements," as used in the statute which gives double rent as damages against a tenant holding over (Code, § 3391), include and apply to a "brick store-room," or "store-house."

2. *Same; damages recoverable in separate action.*—By the express provision of the statute, the damages given by it may be recovered in the action of unlawful detainer, or in a separate action; and when the amount of damages claimed exceeds the jurisdiction of a justice of the peace, a separate action is necessary.

3. *Same; measure of damages.*—The damages given by the statute are, not double the agreed rent for the time the landlord is kept out of possession, but "double the amount of the annual rent agreed to be paid;" that is, double the rent for the entire year, although the holding over is only for a few weeks, or even days.

4. *Same; written notice, or demand of possession.*—The statute requires written notice, or demand of possession; but it does not prescribe the form of the notice, nor make it necessary to state therein that the statutory damages will be claimed if the possession is not surrendered.

5. *Same; waiver of penalty.*—A voluntary agreement on the part of the landlord, without consideration, to allow the tenant to continue in possession for two weeks after the expiration of his term, does not constitute a waiver of the right to claim the statutory penalty on account of the tenant's refusal to surrender the possession after the expiration of that period.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Herman Herzberg, against A. Ullman & Co., a partnership, to recover the statutory penalty of double the annual rent, for the defendant's failure and refusal to surrender the possession of certain leased premises, after notice or demand in writing. The plaintiff had recovered a judgment, in an action of unlawful detainer, on the 23d September, 1887, for the possession of the premises; but no damages were claimed or awarded in that action, and this action was commenced on the 6th March, 1888. There was a

[Ullman & Co. v. Herzberg.]

demurrer to the complaint, assigning numerous grounds, all of which were overruled; and issue being joined, on what pleas the record does ·not show, the trial resulted in a verdict and judgment for plaintiff, for $800. The opinion states the material facts.

JOHN H. DISQUE, for appellants, cited Taylor's Landlord & Tenant, §§ 524–30, 622; Wood's Landlord & Tenant, vol. 2 p. 482. 1 B. & H. Black. 598; *Cobbs v. Stokes*, 8 East, 361 *Lloyd v. Rosbee*, 2 Camp. 453; *Kennedy v. Holman*, 19 Ala 134; *Lomax v. Spear*, 51 Ala. 532; *McDevitt v. Lambert* 80 Ala. 536; *Grooms v. Hannon*, 59 Ala. 510.

AIKEN, DORTCH & MARTIN, *contra.*

STONE, C. J.—The main question in this case arises under section 3391 of the Code of 1886. By that section it is enacted, that "any person who, having entered into the possession of lands and tenements under a contract of lease, forcibly or unlawfully retains the possession thereof after the expiration of his term, or refuses to surrender the same on the written demand of the lessor, his agent, or attorney, or legal representative, is liable for double the amount of the rent agreed to be paid under such contract." The statute then declares that such tenant holding over is liable "for such other special damages as may be thereby sustained by the party thus unlawfully kept out of the possession."

The term of the lease of Ullman & Co. expired September 1, 1887, and the rental was four hundred dollars per year, payable monthly. They were erecting a store-house of their own, but it was not completed when their lease from Herzberg expired. Herzberg, who was preparing to go into business in the same house, informed Ullman & Co. that he would allow them two weeks within which to vacate the store, but that he must have it at the end of that time. It is shown that no compensation was agreed on, exacted, or paid, for these extra two weeks. At the expiration of the two weeks, Ullman & Co. were still in possession, and on the 15th September Herzberg had written notice served on them that he demanded possession. Failing to obtain it, he instituted proceedings in unlawful detainer before a justice of the peace, and obtained a judgment evicting Ullman & Co., on September 23, 1887. He obtained the possession about the 3d day of October, 1887; so that, after demanding possession, he was kept out about seventeen days.

The premises alleged to have been detained, or held over,

after the expiration of the lease, are described in two of the counts of the complaint as "plaintiff's brick store-room, which is built on west half of lot No. 180 in the town of Gadsden." The description in the other count is the same, with the exception that "brick store-house" is substituted for "brick store-room." It is specified as one ground of demurrer to the complaint, that this description falls short of the requirements of this highly penal statute, which gives the penalty only when *lands and tenements*, acquired under a lease, are held over, and refused to be delivered on the written demand of the lessor. We think this too narrow a view of the statute. The language of each count sufficiently describes a tenement, the subject of a lease, for the recovery of which unlawful detainer would. lie, and was maintained; and we think it fully meets the requirements of the statute.

Another ground of demurrer claims that, inasmuch as the complaint shows that a former suit—the unlawful detainer—was prosecuted by the present plaintiff against the present defendants, the penalty sued for in this action ought to have been claimed in that suit, and can not be the ground of a separate, second action. There are two answers to this: *First*, the statute confers the right to sue separately in an action at law; *second*, the amount sued for in this case is in excess of a justice's jurisdiction, and can not be recovered in an action of unlawful detainer.—Constitution of Alabama, Article VI, § 26, and note.

There is nothing in the other grounds of demurrer to the counts on which the case was tried. Counts 2 and 3 of the original complaint were abandoned, and we need not consider the rulings on them.

It is contended for the appellants that the proper interpretation of the statute—section 3391 of the Code of 1886—fixes the penalty in cases like the present, not at double the amount of the rent for a year, but at double the rent for the time the landlord is kept out of possession. The following authorities are cited in support of this contention: 2 Taylor's Landlord & Tenant, §§ 523 to 530, 622; 2 Wood's L. & T. § 482; 1 B. & Had. Blacks. 598; *Cobbs v. Stokes*, 8 East, 358; *Lloyd v. Rosbee*, 2 Camp. 453. The authorities cited rest on English statutes, and on American statutes which follow them. The English statutes, 4 and 11 George Second, fixed the penalty at double the rent, "so long as the tenant continued to hold over." Under this language, the penalty or forfeiture ceased whenever the possession was restored to the landlord; and so the courts determined.

Our statute is different, and we must suppose the difference

is intentional.  It is not "so long as the tenant continues to hold over."  It is not so long as the landlord is kept out of possession.  It is not "*at the rate of* double the agreed rent." Its precise language is, that the tenant so holding over "is liable for double the amount of the annual rent agreed to be paid under such contract."  It would seem that no room is left for interpretation, and we feel forced to interpret the statute as the trial court interpreted it.

It may be contended that our interpretion works a hardship, and doubtless in many cases it does.  Possibly, the legislature intended to deter tenants from holding over, the result of which, sometimes, is to pass the renting season by, and leave the landlord without a tenant.  The clause of the statute, however, which secures to the landlord the right to recover "such other special damages as may be thereby sustained," would seem to be framed with special reference to such a contingency.  But we must deal with the statute as it is.  If the statute presents a case which calls for relief, the legislature alone can grant it.

The written demand of possession was sufficient.  The law fixes the penalty for disregarding such demand.  It is never necessary to aver, prove, or give notice of what is declared in a public statute, unless, perchance, such notice is required by statute.—1 Brick. Dig. 806, §§ 28, 29; 3 *Ib.* 408, §§ 23, 24.

We find no evidence in the record of any waiver of damages, or of the statutory penalty, further than a voluntary agreement by plaintiff not to claim the same, if defendants vacated the store by the 15th of September.  Charge 6, asked by defendants, had no evidence to support it, and it was rightly refused on that account.

Under the rules we have declared, the rulings of the trial court, alike in giving and refusing charges, were free from error.

The judgment is affirmed.