# Waite v. Ward.

*Action for Unlawful Detainer.*

93　271
99　493

1. *Bonds on appeal; judgment corrected and affirmed.*—On appeal from a judgment for the plaintiff in an action for unlawful detainer, a general appeal bond being executed, and also a special *supersedeas* bond (Code, §§ 3399–3401), if the judgment is affirmed, judgment can not be rendered against the sureties on either bond for an amount greater than its penalty; and if the judgment against the sureties on the special bond, for the rent accruing pending the appeal, is the full amount of its penalty, and against the sureties on the appeal bond for all the costs, not specifying their amount, nor limiting it to the penalty of the bond, this court will correct it, by limiting the recovery to the penalty of the bond, and affirm the judgment as corrected.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

Action for unlawful detainer, by Otho Ward against R. H. Waite, commenced in a justice's court on the 15th January, 1884, and carried by appeal by the defendant to the Circuit Court, where the plaintiff again recovered judgment against the defendant and the sureties on his appeal bonds. The appeal to this court is sued out by the sureties, and they assign as error the rulings and judgment against them, on the facts stated in the opinion.

SMITH & LOWE, for appellant.

HEWITT, WALKER & PORTER, *contra*.

STONE, C. J.—In *Ullman v. Herzberg*, and in *Lykes v. Schwarz*, at the present term (91 Ala. 458, 461), we had occasion to consider and interpret the statutes which prescribe the bonds to be given on appeals from justice's judgments in forcible and unlawful detainer.—Code of 1876, §§ 3710, 3711; Code of 1886, §§ 3399, 3401. It will be discovered that the section first named in each Code prescribes the condition of the appeal bond proper—the bond which carries the case to a higher court, for another trial on the merits. The liability incurred by the execution of bonds of this class corresponds to the general liability assumed in appeals from judgments rendered in justice's courts—to prosecute the appeal to effect,

[Waite v. Ward.]

and, failing, to pay such judgment as may be rendered by the court appealed to, not in excess of the penalty of the appeal bond.— *Walker v. Hunter*, 34 Ala. 204.

When the plaintiff in an action of forcible or unlawful detainer recovers in the justice's court, and the defendant appeals, and desires to supersede the execution of the justice's judgment, the statute requires that he shall execute a second bond, the purpose and condition being to secure any future accruing rent.—Code of 1876, § 3711; Code of 1886, § 3401.

In the case in hand, the presiding judge ruled the appeal bond insufficient, and required Waite, the appellant, to give additional bonds. This he proceeded to do. The names of Clements and Lee appear as sureties on each of the bonds. The general appeal bond—the one given under section 3710, Code of 1876—is in the penalty of sixty dollars. The special bond to secure future rents—section 3711—is in the penalty of eighty dollars. We discover on the face of these bonds nothing we need comment on.

In the Circuit Court, the plaintiff, Ward, again recovered the lands sued for. No question appears to have been reserved on this trial, and none is presented for our consideration. The damages were assessed by the jury at one hundred dollars. These, for the rents accruing pending the appeal. The court thereupon rendered judgment against Waite, for the recovery of the lands, and for the damages and costs; also, against the sureties on the *supersedeas* bond for eighty of the one hundred dollars assessed as damages for rent, and against Waite and all his sureties on the general appeal bond, for "all the costs both in this court and the court below." The transcript states the amount of the costs in the justice's court, but does not inform us what costs were incurred in the Circuit Court. The penalty of the general appeal bond being sixty dollars, the sureties could not rightfully be charged under the bond for a greater sum.

After the judgment was rendered, Clements and Lee moved the court to set aside and vacate the judgment so far as they were concerned, and to discharge them therefrom. The alleged ground on which they claimed their discharge was, that they neither signed the bonds, nor authorized any one else to sign them for them. On this issue testimony was given *pro* and *con*, and the court overruled the motion, and permitted the judgment to stand. This ruling of the Circuit Court is made the chief assignment of error. Taking the entire testimony into the account, it leads us to the same conclusion as that reached by the Circuit Court; and we therefore concur in the order and judgment that the sureties, Clements and Lee, are not entitled to be discharged.

We said above that the appeal bond proper was in the penalty of sixty dollars. All the costs in both courts were adjudged against the sureties. If the costs exceed sixty dollars, this was an error. But, inasmuch as we do not know the amount of costs, we can not presume an excess, and make it a basis of reversal. Lest, however, an injury may be done these sureties, we will correct the judgment in this regard, and make it read "all the costs in the Circuit Court and in the justice's court, not to exceed sixty dollars." This correction does not entitle appellants to costs in this court

Corrected and affirmed.