# Rich *v.* Lowenthal.

*Proceeding to quash Execution on a forfeited Replevy Bond.*

1. *Replevy bond; executed by defendant in possession.*—When, under a writ of seizure in a detinue suit against several defendants, the property is found in possession of only one of them, a replevy bond by the defendant in possession as required by statute (Code, § 2717) is sufficient, without the other defendants joining therein.

[Rich v. Lowenthal.]

2. *Same; validity thereof.*—The fact that a part of the property sued for and included in the replevy bond is omitted from the sheriff's return of seizure, or that certain articles of property not sued for are included in the bond, can not affect the validity of such bond. The obligation of a replevy bond is to deliver as much of the property sued for and replevied as the plaintiff shall recover by verdict and judgment.

3. *Same; penalty enforced by summary execution.*—Although the penalty of a forfeited replevy bond is less than the value of the property, as assessed by the jury, it can be enforced by summary execution against the sureties for the amount of such penalty.

APPEAL from the City Court of Birmingham.

Heard before the Hon. H. A. SHARPE.

This is an appeal from a judgment rendered in the City Court of Birmingham quashing an execution issued on a forfeited replevy bond. The bond was given by Verona Rich, with Herman Lowenthal and Moses Lowenthal as her sureties, to retain possession of certain personal property for the recovery of which Herman Rich had instituted an action of detinue against the said Verona Rich and Louis Hecht and Robert Hecht. The plaintiff having made affidavit and given bond at the commencement of the suit, as provided by the statute, the clerk of the court made an indorsement on the summons requiring the sheriff to take the property mentioned in the complaint into his possession, unless the defendant gave bond therefor as required by law. The said Verona Rich, who had possession of the property sued for, thereupon executed a bond as above stated and kept the property. The penalty of this bond was in the sum of five hundred dollars, and the condition was as follows: "Now if the said Verona Rich shall well and truly, within thirty days after the determination of said suit, if the said Verona Rich be cast in said suit, deliver the property replevied, and also pay all the costs and such damages as may accrue from said detention, then this obligation to be void, otherwise to remain in full force and effect." On the trial of the detinue suit, a judgment was rendered in favor of the plaintiff against the said Verona Rich, the suit having been dismissed as to the other two defendants. In this judgment the plaintiff failed to recover some of the property described in the levy and in the bond. The alternate value of the property for which such judgment was rendered was assessed at $714, and the damages for the detention was found to be $1,456.05. None of the property having been returned and no part of the damages having been paid, at the expiration of thirty days from the rendition of the judgment, the sheriff made return of these facts, and the

[Rich v. Lowenthal.]

clerk thereupon issued an execution against the sureties on the bond for the sum of five hundred dollars. Thereupon, the said sureties began the proceedings in this case, by petition, setting forth the facts which are briefly stated above, and praying that the execution be quashed. A copy of the bond and also of the execution were attached as exhibits to the petition. The objections made in the petition to the validity of the bond as a statutory bond, and which are made the grounds of the motion to quash the execution were as follows : *First.* That the bond was not the bond of *all* the defendants in the suit, but of only one of them. *Second.* That certain property was mentioned as having been replevied which has not been levied upon and seized by the sheriff, and that two willow rockers were included in the bond when the same had not been sued for. *Third.* That the penalty of the bond was less than the alternate value of the property, as assessed by the jury trying the case, and that the statute only authorized the issue of an execution for such alternate value, and for the damages assessed for its detention. *Fourth.* That the bond should have been conditioned for the return of the property if the defendants, or any of them, were cast in the suit, and not if Verona Rich merely was cast in the suit.

Herman Rich, the plaintiff in the detinue suit, and respondent to this petition, demurred to the petition on the following grounds : 1st. The bond in the detinue suit was a statutory bond. 2d. The defendant, Verona Rich, had the right to execute the bond and replevy the property sued for, if the same was in her possession, without requiring the other two defendants to unite in the execution of said bond. 3d. There is no provision of law that all of the defendants must unite in the execution of the bond, when only one is in the wrongful possession of the property sued for. 4th. By the execution of the bond the defendants are estopped from denying that any of the property mentioned in the bond was seized by the sheriff. 5th. The fact that some of the property contained in the bond as having been replevied, when it was not sued for, is immaterial, and does not affect the validity of the bond.

The court overruled the demurrer of the respondent, and upon his "failing and declining to plead further," the court was of the opinion that the bond was not a bond on which execution might issue, and rendered judgment in accordance with the prayer of the petition quashing the execution.

CABANISS & WEAKLEY, for appellant.—1. There is no requirement of law that all the defendants must unite in the

execution of a bond as a condition precedent to one of the defendants retaining possession of property sued for in an action of detinue. Such a contention is opposed to the spirit and policy of our laws in other similar cases. See Code, (1886), §§ 2717, 2918, 2964, 3004, 2522. 2. Petitioners have no right to complain that the penalty of the bond was too small, as they are in no wise injured thereby.—*Anderson v. Rhea*, 7 Ala. 104; *Jones v. R. R. Co.*, 6 Miss. (5 How.) 407; *Stevens v. Wallace*, 5 T. B. Mon. 404; *Trueblood v. Knox*, 73 Ind. 310. 3. The failure of the defendant to return any of the property replevied would have worked a forfeiture of the bond, and hence the fact that plaintiff failed to recover some of the property replevied could make no difference, so far as the sureties are concerned, if the value of the property that was recovered was as much as the penalty of the bond, as it was in this case. *Munter v. Lienkauff*, 78 Ala. 546; *Dunlap v. Clements*, 18 Ib. 778; *Bernard v. Scott*, 3 Ran. (Va.) 522; *Pleasants v. Lewis*, 1 Wash. (Va.) 353. 4. The bond was properly conditioned, that if the said Verona Rich should well and truly within thirty days after the determination of the suit, if the said Verona Rich should be cast in the suit, deliver the property replevied, &c. 5. When the substance of a bond is prescribed by statute, if the bond be so drawn as to include all the obligations imposed by the statute, and to allow every defense given by law, it will be valid though slightly variant from the form prescribed.— *Walker v. Chapman*, 22 Ala. 116; *Commissioner v. Way*, 3 Ohio 103; *Rhodes v. Vaughan*, 2 Hawks, (N. C.) 167; *Gardener v. Woodyear*, 1 Ohio 78; *Waters v. Riley*, 2 Har. & G. (Md.) 305; *Judges v. Deans*, 2 Hawks, (N. C.) 93; *Treasurers v. Bates*, 2 Bailey (S. C.) 362.

J AMES E. WEBB, *contra*, cited *Cobb v. Thompson*, 87 Ala. 381; *Rhodes v. Smith*, 66 Ala. 175; *Rose v. Pearson.* 41 Ala. 253; *Campbell v. May*, 31 Ala. 567; *Lowenstein v. McCaddle*, 14 S. W. Rep. 1095.

HEAD, J.—Our statutory action for the recovery of personal chattels in specie, Code, § 2717, *et seq.*, combines the qualities of detinue and replevin, as those remedies were understood at the common law. But one form and method of procedure are prescribed for any recovery of a chattel, whether the grievance be the mere wrongful detention resulting from a possession originating in contract, or an unlawful taking and detention; and to this procedure is adapted the machinery of the action of replevin for seizing the prop-

[Rich v. Lowenthal.]

erty, at the institution of the suit, and its custody, under bonds, to abide judgment upon the rights of the parties. Detinue and replevin, as they are distinguished from each other, are, practically, superseded by this statutory substitute designed to answer the aims and ends of both. So combined, the beneficial incidents of either of the old remedies will be held to attach to the new system. If the goods were unlawfully and tortiously taken and detained, for the redress of which according to the early notions of detinue and replevin, the latter was the appropriate remedy, a plaintiff, suing several in one action, might recover against one or more defendants and fail as to the others, as in other actions of tort. This incident must be now held to attach to any action, under our statute for the recovery of chattels.

From this standpoint, there can be no doubt that when suit is brought against several, and the appropriate mandate obtained for the seizure of the goods, it is the duty of the sheriff to execute the mandate though the goods be found in the possession of, and exclusively detained by, one of the defendants only; and this being true, it follows, as a necessary consequence, that the defendant in possession may retain possession by the execution of the replevy bond authorized by the statute; for, in such case, the other defendants, who may be improperly sued, and who may successfully defend upon the mere denial of the detention, have no concern with the seizure, and no interest to prompt them to join in the execution of the bond. It is no strained, but a fair, construction of the words of the statute, to hold, as we do, that the defendant, authorized to execute bond and retain possession, is he who is in possession and detaining the property; he whose possession would be disturbed by the execution of the process of the court. Indeed, it may be open to serious inquiry whether the other defendants who are not in possession, are clothed with a legal right to join in the replevy; since its effect would be to convert into the common custody and possession of them all, that which was, exclusively, in the defendant found in possession. It may be readily perceived how the rights of a real owner in possession, might be subverted by such enforced transfer of custody, without any provision of means of indemnity. That question does not arise, however, and we pronounce no decision upon it.

Manifestly, the fact that a part of the property sued for and included in the replevy bond was omitted from the sheriff's return of seizure, can exert no influence upon the statutory character of the bond. Nor does the fact that cer-

tain articles of property not sued for, were included in the bond, affect it. Such inclusion could not possibly prejudice any right, or work any conceivable harm. It is a mistake to suppose, as argued by counsel, that the bond requires the obligors, necessarily and at all events, to deliver all the property mentioned in it, after judgment. Interpreted in the light of the several provisions of the statute under which it is given, the oligation is to deliver the property sued for and replevied, and which the plaintiff shall recover by verdict and judgment. It is not denied that a plaintiff in this action may recover a part of the property sued for and replevied, and fail as to the residue. As well might it be argued, in that case, that the bond requires the delivery of all the property mentioned in it, yet unquestionably it does not. When the penalties of the bond come to be enforced by return of forfeiture and execution prescribed by the statute, the officers must read it in connection with the record, and thereby ascertain what property was condemned to delivery, and ought to have been delivered. If the willow chair was not sued for, it could not have been recovered, and no obligation could rest upon the obligors to deliver it.

It is next insisted that the execution should be quashed because the statute requires that it shall issue for the alternate value of the property, as assessed by the jury, whereas, this execution issued for a sum less than that value, being the amount of the penalty of the bond. The proposition is, that where the penalty is less than the assessed value, the bond can not be enforced by summary execution. We think this construction of the statute too narrow. We can see no possible detriment or inconvenience to result to any one from a summary enforcement of the bond to the extent of the penalty when the assessed value is greater, which would not be suffered if enforced for the assessed value, when the penalty is greater. The purpose of the statute, in requiring the bond and providing the processes for its enforcement, was to furnish, upon the obligation of sureties, a speedy, efficacious and inexpensive remedy for compelling delivery of the property, on its recovery by judgment, or payment of its alternate value, so far as the obligation of the sureties may be the means of effecting that result. The statute must be given a liberal interpretation, so as to accomplish the remedial objects intended. It is a fair construction, therefore, of the provision requiring the execution to issue for the assessed value, to impose upon it the implied limitation that the execution shall not exceed the penalty of the bond, that being the measure of the obligor's

[Commercial Bank of Selma v. Lee.]

liability. It has been the practice in this state to pursue the course here pursued, in analogous cases; and we are not aware that any objection has ever been raised to it. For instance, by statute in cases of appeals to the Circuit Court from judgments of justices of the peace, it is required that, on affirmance of the judgment in the appellate court, judgment shall be rendered against the sureties on the appeal bond, as well as the principal, for the amount recovered and all costs. This judgment, as to the sureties, is purely summary, and yet it has for many years, and frequently been held by this court, that if the sum recovered and costs exceed the penalty of the bond, judgment should properly be rendered against the sureties for the amount of the penalty only.—*McBarnett v. Breed*, 6 Ala. 476; *Witherington v. Brantley*, 18 Ala. 197; *McKeen v. Nelms*, 9 Ala. 507; *Sherry v. Priest*, 57 Ala. 410; *Waite v. Ward*, 93 Ala. 271. A literal construction of the statute, such as appellees' counsel contends for, would in such a case, deny to the Circuit Court the power to render any judgment at all against the sureties on the appeal bond.

We are of the opinion that none of the grounds of the motion to quash the execution were well taken. The judgment of the City Court is reversed, and a judgment will be here rendered overruling the petition and motion to quash.

Reversed and rendered.