# Robertson *et al. v.* King.

*Proceeding for the Amendment of Judgment Nunc Pro Tunc.*

1. *Amendment of judgment nunc pro tunc; action of detinue.*—Under the provisions of the statute (Code of 1896, § 3334) authorizing the amendment of judgments, at a subsequent term for "any clerical error, mistake in the calculation of interest, or other mistake of the clerk, when there is sufficient matter apparent on the record or entries of the court to amend by," a plaintiff is not entitled to an amendment of a judgment in his favor, so as to include the sureties on an appeal bond, where such judgment followed the bench notes. and was properly rendered against defendant alone, and where any judgment against such sureties would necessarily have been for a different amount from that against defendant.

2. *Same; same; case at bar.*—In detinue, before a justice, judgment was rendered for plaintiff, and defendants appealed, the amount of their bond being $36. On appeal, the suit was dismissed as to one of the defendants and prosecuted against the other alone, resulting in a judgment for the specific property sued for, or its value, assessed at $25, and $15 damages for its detinue, with costs. At a subsequent term, the judgment was amended *nunc pro tunc* by including the names of the sureties on the appeal bond. *Held:* such amendment of said judgment is erroneous as to the sureties, because in excess of the penalty of their bond.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. GEORGE E. BREWER.

The appellee, M. A. King, brought an action of detinue against Z. J. Robertson and J. W. Lambert, for

[Robertson *et al.* v. King.]

the recovery of certain specifically described property. The suit was originally commenced in a justice of the peace court, and upon judgment being rendered for the plaintiff the defendants took an appeal to the circuit court, giving an appeal bond upon which W. H. Lindsey and G. W. Wager were sureties. On the trial of the case in the circuit court, the complaint was amended by striking out J. W. Lambert as a party defendant, and the cause was tried with Z. J. Robertson as the only defendant. Judgment was rendered against Z. J. Robertson for the property sued for or its alternate value and for damages for its detention, but no judgment was rendered against the sureties on the appeal bond. This judgment was rendered in the fall term, 1897, of the circuit court. At the spring term, 1898, of said court, the plaintiff made a motion to have the judgment amended *nunc pro tunc* by inserting therein the names of the sureties, Lindsey and Wager. The ground of this motion was that by error they were not included in the entry of the judgment. To this motion the defendant demurred upon the grounds : 1st, that the motion showed on its face that no judgment was rendered against the sureties ; and, 2d, that it sought to have a judgment now rendered which was not rendered by the court. The court overruled this demurrer, and upon the hearing of the evidence the motion was granted and the judgment rendered as prayed for. To each of these rulings the defendant excepted. The other facts of the case are sufficiently stated in the opinion. The defendants appeal and assign as error the rulings of the trial court to which exceptions were reserved.

MERRILL & BRIDGES, for appellant.—When the defect in a judgment consists in a failure of the court to render the proper judgment, or arises from want of judicial action, the record can not be corrected after the term has closed, the cause being no longer *sub judice.—Browder v. Faulkner*, 82 Ala. 257 ; Freeman on Judgments, § 70 ; Black on Judgments, § 158.

JAMES AIKEN, *contra.*—The failure to enter the judgment against the sureties on the appeal bond was a clerical omission which can be cured by amendment *nunc*

[Robertson *et al.* v. King.]

*pro tunc* at a subsequent term.—*McBurnett v. Breed*, 6 Ala. 476; *Monroe v. Brady*, 7 Ala. 59; *Witherington v. Brantleg*, 18 Ala. 197.

HARALSON, J.—Motion for the correction of a judgment *nunc pro tunc*.

The object of a judgment *nunc pro tunc* is not, as has been well said, the rendering of a new judgment, and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth,—so as to show what the judicial action really was; not to correct judicial errors, nor to supply non-action by the court, however erroneous the judgment rendered may have been.—*Dumas v. Hunter*, 30 Ala. 188; *Browder v. Faulkner*, 82 Ala. 257.

At common law, courts were not authorized to amend judgments after the close of the term at which they were rendered. Under the statute, they may be amended at a subsequent term, for any clerical error, mistake in the calculation of interest, or other mistake of the clerk, when there is sufficient matter apparent on the record or entries of the court to amend by.—Code, 1896, § 3334 (2836). The construction of the statute has been liberal; but the requisition is adhered to, that the amendment must be based upon matters appearing of record or of *quasi* record, not resting in parol. The duty of the clerical officer of the court, is the entry of the judgment the court renders, without reference to whether it is correct or erroneous; but when the judgment rendered is not entered, or the wrong judgment is entered, upon proper evidence the error will be corrected, and the appropriate judgment entered.—*Whorley v. M. & C. R. Co.*, 72 Ala. 20; *Harris v. Martin*, 39 Ala. 556.

The suit in which this motion was made, at a term subsequent to the one at which the judgment was rendered, was commenced before a justice of the peace for the recovery of personal chattels in specie, where a judgment was rendered for the plaintiff. It was caried by the defendants, Robertson and Lambert, on appeal to the circuit court. They executed an appeal bond in the sum of $36, payable to the appellee, the plaintiff in the suit, with W. H. Lindsey and G. W. Wager as sureties there-

on. The proceedings before the justice, if certified by him to the circuit court, are not set out in the transcript. The appeal bond was conditioned, that if the defendants appealing, "shall prosecute the appeal to effect, and pay and perform such judgment as the said circuit court may render in said cause, then this obligation to be void, otherwise to remain in full force and effect," in substantial compliance with section 492 (3399) of Code of 1896. Cases appealed from the justice's court to the circuit or city court are tried *de novo* and according to equity and justice without regard to the proceedings before the jus-tice (Code, 1896, § 488 [3405]) ; and when the judgment is affirmed, a judgment must be rendered by the court against the sureties as well as the principal, which must include the costs of the inferior and appellate courts. Code, § 493 (3410). In this case, for some reason not shown, the suit was dismissed in the circuit court by the plaintiff against one of the defendants, J. W. Lambert, and was prosecuted against the other defendant, Z. J. Robertson, alone. As a result of the trial, the jury as-sessed the value of the two oxen sued for, one at $10, and the other at $15, and $15 as damages for their detention, making $40. Judgment was accordingly entered against said defendant, Z. J. Robertson, for the specific property sued for or its alternate value, as assessed by the jury, fifteen dollars as damages for its detention, together with all the costs of suit. It does not appear what the costs in the justice's and the circuit court were. No judgment was rendered against the sureties on the appeal bond. This bond covered the costs in each court, but no judg-ment for a sum, including costs can be rendered, in a case of the kind, against the sureties on the apeal bond, greater than its penalty. Their obligation is to return the property to the plaintiff or pay its assessed value and damages for detention and costs of suit, not exceeding the penalty of the bond.—*Rich v. Lowenthal*, 99 Ala. 487, 493. The judgment rendered against the defendant alone was, as we have seen, for $40, "together with all the costs." This judgment was very properly rendered against him, but if it had been rendered for the same amount against the sureties, it would have been errone-ous, as in excess of the penalty of their bond. The judg-

ment as amended *nunc pro tunc*, was against the defend ant and his sureties, and followed and was the same as the one theretofore rendered against defendant. This was an erroneous correction of the judgment as to the sureties.

The bench notes of the judge, as well as the appeal bond, were introduced in evidence by movant. These notes were: "Jury and verdict for plaintiff: Red ox valued-at $10, & dun balled face ox, valued at $15, and $15 for its detention." On this, the movant sought, and the court amended the judgment *nunc pro tunc*. We are unable to see from this, that the judgment the court intended to enter, was not entered, or that there was clerical error intervening in its entering. The judgment follows the bench notes; it was properly rendered against defendant; if one had been entered against the sureties on the appeal bond, it would, necessarily, have been for a different amount from the one against the defendant; the plaintiff may have preferred, at the time, from anything appearing, to have the judgment against the defendant alone, and rely on the bond as a common law obligation, in case he could not make the money out of defendant, and there is wanting any evidence to show, that plaintiff moved for or sought a judgment in the court below against the sureties to the extent of the obligation of their bond. The motion should have been denied.

The judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.