# Lykes *v.* Schwarz.

*Statutory Action of Unlawful Detainer, and for Damages.*

1. *Double rent as damages against tenant holding over after notice.* The damages given by statute against a tenant holding over after no-tice, are not double the agreed rent for the time the landlord is kept out of possession, but "double the amount of the annual rent agreed

to be paid" (Code, § 3391); which means double the agreed rent for the entire year, although the holding over is only for a few weeks, or a few days even.

2. *Same; how recovered.*—The statute declares that these damages may be recovered "as now provided by law in actions of unlawful detainer, or by an action at law for damages;" but, the jurisdiction of a justice of the peace, before whom an action of unlawful detainer must be instituted, being limited to $100, a separate action is necessary when the damages claimed exceed that amount; nor can the greater damages be allowed in the Circuit Court, on appeal from the judgment of the justice of the peace.

3. *Appeal bond.*—On appeal from a judgment rendered by a justice of the peace (Code, §§ 3399, 3400), an ordinary appeal bond covers only such grounds of action as existed at the commencement of the suit, and only such judgment can be rendered on it as the justice might have rendered.

4. *Special damages, in addition to double rent.*—The statute gives to the landlord, in addition to double the annual rent, "such other special damages as may be thereby sustained," and allows them to be recovered in the action of unlawful detainer, or in a separate action; but, if either of these claims, or both combined, exceed the amount of which a justice has jurisdiction, a recovery must be sought in a separate action.

5. *Supersedeas bond.*—A *supersedeas* bond executed by the defendant, in an action of unlawful detainer (Code, (§§ 3401, 3411), has no reference to the original cause, but is intended to provide security to the plaintiff against any loss or damage he may suffer by the delay in regaining possession of his property; and judgment being rendered for the plaintiff, the sureties are liable for the "value of the rent of the premises pending the appeal," not exceeding the penalty of the bond.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Mrs. Mary A. Lykes, against Louis L. Schwarz, and was commenced before a justice of the peace, on the 2d October, 1889. The complaint sought to recover possession of a house and lot in Birmingham, which the plaintiff had leased to the defendant for the term of one year, ending the 1st October, 1889, and which he failed or refused to surrender on the day his term expired; and it also claimed $1,200 as damages, alleging that the agreed rent was $50 per month, or $600 *per annum*. The justice rendered judgment for the plaintiff, October 10th, 1889, for the possession of the premises, and also for $33.33, "for the detention of the property to date," besides costs of suit. From this judgment the defendant appealed, and executed an appeal bond with sureties, in the penalty of $75, conditioned to prosecute the appeal to effect, "and pay and satisfy such judgment, both as to debt and costs, as may be rendered in said cause by said Circuit Court;" and he also executed a *supersedeas* bond, in the penalty of $1,200, conditioned to prosecute the appeal to effect, and pay the said Mary E. Lykes all the damage she may sus-

tain by the prosecution of said appeal." On a trial in the City Court, a jury having been waived, and the case submitted to the court on an agreed statement of facts, the court rendered judgment for the plaintiff, (1) for the possession of the property; (2) against the defendant and his sureties on the appeal bond, for the costs of suit, "and also the sum of $125," which sum was reduced, as to the sureties, to $75, the penalty of the bond; and (3) against the defendant and his sureties on the *supersedeas* bond, for $156.66, "which it is considered by the court from the evidence is the value of the rent of said premises pending said appeal." The plaintiff amended her complaint in the City Court, and claimed $1,200 as damages, being double the annual rent agreed to be paid, and also special damages on account of her failure to rent the property at an increased rate by reason of being kept out of the possession until the 17th January, 1890; and she excepted to the rulings and judgment of the court in refusing to allow these claims.

GARRETT & UNDERWOOD, for appellant.

FEAGIN & WILKERSON, *contra*.

STONE, C. J.—The plaintiff in the court below is the appellant in this case, and she complains that by the judgment of the City Court her recovery was less than it should have been.

In *Ullman v. Herzberg*, at the present term, *ante p.* 458, we had occasion to interpret section 3391 of the Code of 1886. Our interpretation of that statute was, that when a tenant, who had entered under a contract of lease, forcibly or unlawfully retained the possession after the expiration of the agreed term, or refused to surrender the possession on written demand, he thereby rendered himself liable, literally, for double the amount of the *annual rent* agreed to be paid under the contract of renting. In that case, the renting had been for a year, at the agreed rental of four hundred dollars, and the landlord had a recovery of eight hundred dollars, although the holding over after written demand was only seventeen days. We affirmed the judgment, holding that the statute gave the landlord the right to *double the amount of the annual rent*— four hundred dollars—and not, as was contended, to the *pro rata* of that sum for the time, and only for the time the landlord was kept out of possession. We were aware that cases might arise in which there had not been an agreed *annual* renting, which would probably lead to difficulty in the application of the rule declared; but we did not feel at liberty to depart from the plain letter of the statute.

The statute declares that this penalty—the double rent—may be "recovered as now provided by law in actions of unlawful detainer, or by an action at law for damages." An action of unlawful detainer is purely statutory, and, in the first instance, is triable only before a justice of the peace.—Code of 1886, § 3378. The civil jurisdiction of justices of the peace is limited by the Constitution to cases wherein the amount in controversy does not exceed one hundred dollars."—Art. VI, § 26. The annual rent agreed on in this case was six hundred dollars, and double that sum would be twelve hundred dollars. This is entirely beyond the jurisdiction of the justice of the peace, and we so held in the case of *Ullman v. Herzberg, supra.* We must, in all cases, if we can, so interpret statutes as to make them conform to constitutional requirements. So interpreting section 3391 of the Code, we hold that the right to recover double the amount of the annual rent, in the proceeding before the justice of the peace, must be restricted to those cases in which the sum demanded and demandable does not exceed one hundred dollars. If the double rent claimed exceeds that sum, it must, if claimed in full, be sued for in an action at law for damages, and in a court having jurisdiction of the amount in controversy.

In this case, on the trial before the justice of the peace, the plaintiff, Lykes, had a verdict and judgment for the recovery of the premises sued for, and also for the sum of $33.33, money judgment, and costs. This money judgment had no foundation to rest on—finds no warrant in the law—unless it be for the penalty or damages for holding over after the expiration of the lease. From this judgment there was an appeal to the City Court, the appellant—defendant before the justice—executing two bonds with sureties; one a common appeal bond, in the penalty of seventy-five dollars, under section 3399 of the Code. The other was a *supersedeas* bond, under section 3401 of the Code, in a penalty of twelve hundred dollars. Its condition was, and is, "to pay the plaintiff all such damages as she may sustain by the prosecution of the appeal."

The appeal bond given under section 3399 of the Code was intended to secure the payment of such judgment as could be recovered in that action, and covered only such grounds of action as existed at the commencement of the suit before the justice of the peace. We think, also, that sound interpretation of that section, and of section 3400, requires us to hold that, on such appeal, only such judgment can be rendered against the appellant, or his sureties on that bond, as could have been rendered by the justice of the peace. If double the annual rent agreed to be paid exceed the limit of the juris-

[Lykes v. Schwarz.]

diction, then such double rent can not be recovered on the appeal, but must be sought in "an action at law for damages." § 3391. To hold otherwise, would be to declare, not only that the appeal court could hear and determine a question and issue which the justice of the peace did not decide, but could pass on and decide an issue which the court appealed from had no jurisdiction to entertain. To so hold would be to declare that, in cases of holding over by the tenant after written demand of possession, if the plaintiff recovered in the unlawful detainer, and if the double rent exceed the justice's jurisdiction, there could in that action be no recovery of double rent, unless the tenant appealed to a higher court; and yet, if he appealed, a judgment could be rendered against him on an appeal, in the same action, for double the rent agreed on, no matter what that sum might be. This would be more than a trial *de novo.* It would be a trial and adjudication in the appeal court, of a subject-matter and issue entirely without the jurisdiction of the court appealed from, and, to that extent, original and not appellate jurisdiction.

In cases like the present, where double the annual rent agreed on exceeds the jurisdiction of the justice of the peace, if the plaintiff claims the full penalty, the justice has no jurisdiction of the question; nor has the appeal court any jurisdiction of it. It must be sought in a separate action at law for damages.

Section 3391 of the Code not only provides for the recovery of "double the amount of the annual rent agreed to be paid", but also for such other special damages as may be thereby sustained by the party thus unlawfully kept out of possession. What we have said in regard to the claim of double rent, applies equally to this provision. Each is a money demand for which there can be only a money recovery. If the sum claimed, under either provision of the statute, or under both combined, exceeds one hundred dollars, this places the contention beyond the jurisdiction of the justice, and, as we have shown, beyond the power of the appeal court to hear and determine it in the action of unlawful detainer. The recovery, although it may be rested on two items of claim, is at last but one judgment, but one money demand; and if it exceeds one hundred dollars, there is, in such case, no jurisdiction to render it.

Sections 3401 and 3411 of the Code make provision for proceedings in the appeal court, and have no reference to any cause of action, or of complaint, which existed at the inception of the proceedings before the justice. Their purposes are stay of execution when the unsuccessful defendant appeals

30

from the justice's judgment to a higher court, and security to the successful plaintiff against any loss he may suffer by being delayed in regaining possession of the leased premises. Of this claim, no matter what its amount, the appeal court necessarily has the only jurisdiction. The two bonds cover fields entirely different.

Under the rule we have declared, the justice of the peace had no jurisdiction, either of the sum claimed as the double rent, considered by itself, nor of the other special damages claimed, because these special damages, conjoined with the double rent claimed, aggregated a sum in excess—greatly in excess—of the justice's jurisdiction. Neither could the City Court, on the appeal in the unlawful detainer case, exercise jurisdiction of the sum claimed in the complaint.

In the original complaint before the justice, the plaintiff claimed the premises, and twelve hundred dollars, double the agreed annual rent. The complaint was amended in the City Court. The amended complaint, on which the suit was tried on appeal, like the original complaint, contains counts in addition to the suit for unlawful detainer. It claims twelve hundred dollars, being double the sum of the agreed annual rent, and other twelve hundred dollars as special damages, claimed by plaintiff to have been suffered by being "prevented from renting the premises" for fifty dollars per month, the reasonable rent thereof. A jury was waived, and the court adjudged that the plaintiff recover the premises sued for. It was also adjudged that plaintiff recover one hundred and twenty-five dollars, but whether for double rent or special damages, is not stated. It was further adjudged that plaintiff recover of defendant, and the sureties on the *supersedeas* bond, the sum of $156.60, the value of the rent of the premises pending the appeal.

The present appeal is prosecuted by the plaintiff in the proceedings, and she assigns as error the rulings of the City Court in not allowing her double the amount of the agreed annual rent, and, in addition thereto, the special damages she suffered by being delayed or prevented in again letting her premises to rent. These are the assignments of error. Under the principles we have declared, the plaintiff recovered much more than she was entitled to in the unlawful detainer suit, and she can not be heard to complain.

Should further litigation be contemplated, it may be well to consider whether, having obtained partial recovery, a second suit can be maintained for the penalty or damages for the alleged holding over.—*Oliver v. Holt,* 11 Ala. 574; *Davis v. Bedsole,* 69 Ala. 362; *Wharton v. ng, KiIb.* 365.

[Tillison v. Ewing.]

There is no error in the record of which appellant can complain.

Affirmed.