(108 So. 716)

## SPEER v. LANCASTER–JOHNSON LUMBER CO.   (5 Div. 937.)

(Supreme Court of Alabama.   Dec. 3, 1925. Rehearing Granted Conditionally Jan. 21, 1926.   Affirmed April 8, 1926.   Further Rehearing Denied June 10, 1926.)

I. Evidence ⊗186(I)—Notice to produce original notices to vacate and demanding possession on the trial, though not calling for them at subsequent terms, was effective from term to term.

In unlawful detainer, notice to defendant to produce original notices to vacate, and demanding possession given at former term, though not in terms calling for them at subsequent terms, was effective from term to term.

2. Evidence ⊗186(6)—On proof of notice to produce notices, and they not being produced, carbon. copies were admissible.

In unlawful detainer, on proof of notice to produce original notice 'to vacate and demand for possession, and the notices not being produced, proven carbon copies were admissible as secondary evidence.

3. Evidence ⊗184—On proof of notice to produce notices given defendant, party need not prove originals are not in its possession before offering secondary evidence, in absence of claim that they had been returned to him.

In unlawful detainer, on proof· of notice to produce original notice to vacate and demand for possession, it was unnecessary for plaintiff to prove originals were not in its possession before offering secondary evidence, in absence of claim that they had been returned to plaintiff.

4. Landlord and tenant ⊗291(2)—That lessor handed written demand for possession to lessee, informing him of its contents, and latter refused to receive it, constituted sufficient service of notice.

Where landlord who had given notice to vacate handed written demand for possession to tenant, informed him of its contents, and latter refused to receive it, declaring he would not comply with it, the statutory notice in writing· was sufficiently given.

5. Landlord and tenant ⊗291(18)—Where defendant executed supersedeas bond on appeal from decree, which was affirmed, evidence of rental value pending appeal was admissible (Code 1923, §§ 8022, 8023).

Where defendant, pursuant to Code 1923, § 8022, executed supersedeas bond on appeal from adverse decree in unlawful detainer, which was affirmed, evidence of rental value pending appeal was properly received, in view of section 8023.

6. Landlord and tenant ⊗291(18)—Where supersedeas bond is executed, judgment against defendant for rents pending his appeal in unlawful detainer action may be rendered on affirmance (Code 1923, §§ 8022, 8023).

Where supersedeas bond is executed, under Code 1923, § 8022, by defendant on appeal from an adverse decree for unlawful detainer, judgment against him may be rendered, on affirm-

---

⊗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ance of decree, for rental value pending appeal, though not claimed in the complaint, in view of Code 1923, § 8023.

**7. Landlord and tenant ⬅══291(18)—Where defendant executed supersedeas bond on appeal from decree, which was affirmed, that court entered judgment for rents pending appeal without having value assessed by jury was error (Rev. Code 1867, §§ 3314, 3316; Code 1907, § 4282, Code 1923, § 8023).**

Where defendant executed supersedeas bond upon appeal from adverse decree in unlawful detainer, which was affirmed, it was error for the court to enter judgment for rents pending appeal without having amount assessed by jury, in view of Code 1907, § 4282, now Code 1923, § 8023 (formerly Rev. Code 1867, §§ 3314, 3316).

**8. Landlord and tenant ⬅══216—Statutory provision for double rents in cases of unlawful detention, being highly penal, will be strictly construed (Code 1923, § 8014 [Acts 1859—60, p. 98]).**

Code 1923, § 8014 (Acts 1859—60, p. 98), providing for double rents in cases of unlawful detention, being highly penal in nature, must be construed strictly according to its terms.

**9. Landlord and tenant ⬅══216—Provision that person in "possession under contract of lease" who shall unlawfully detain shall be liable for double rent held inapplicable to month to month tenancy (Code 1923, § 8014 [Acts 1859—60, p. 98]).**

Code 1923, § 8014 (Acts 1859—60, p. 98), providing that any person who, having entered into "possession of lands or tenements, under a contract of lease," shall unlawfully retain possession shall be liable for double the amount of "the annual rent agreed to be paid under such contract" is inapplicable to rental contract from month to month.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Action of unlawful detainer by the Lancaster-Johnson Lumber Company against L. E. Speer. From a judgment for plaintiff, defendant appeals. Affirmed conditionally.

Huddleston & Glover, of Wetumpka, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

The damages for rent pending the appeal should have been assessed by the jury. Code 1907, § 4282. There was no evidence that plaintiff could not produce the original notice, and hence it was error to admit copies of said notices. 26 C. J. 1067. Ten days' notice not having been given defendant, the suit was illegally brought. The affirmative charge was due to be given for defendant. Code 1907, §§ 11, 4263; Code 1923, §§ 13, 8001; City Council v. Adams, 51 Ala. 449; Dickson & Co. v. Frisbee, 52 Ala. 165, 23 Am. Rep. 565; Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745; Sims v. Sims, 210 Ala. 465, 98 So. 462. No

evidence of rental value before or after suit brought in the justice court was admissible. Lykes v. Schwarz, 91 Ala. 461, 8 So. 71; Vinyard v. Republic I. & S. Co., 205 Ala. 269, 87 So. 552; Code 1923, §§ 8014, 8022, 8023. The double penalty does not apply to this case. Vizard Inv. Co. v. Mobile, etc., Co., 197 Ala. 625, 73 So. 328; Smith v. Sharp, 210 Ala. 587, 98 So. 566.

Tate & Reneau, of Wetumpka, for appellee.

Failure of defendant to produce the original notices authorized introduction of copies by plaintiff. Barnett v. Wilson, 132 Ala. 375, 31 So. 521; Golden v. Conner, 89 Ala. 598, 8 So. 148; Gay v. Rogers, 109 Ala. 624, 20 So. 37; Code 1907, § 4058; King v. Bolling, 77 Ala. 594. Whether notice was given 10 days before suit was for the jury to determine from the evidence. The judgment of the court was authorized. Powell v. Sturdevant, 85 Ala. 243, 4 So. 718; Crocker v. Goldstein, 209 Ala. 172, 95 So. 873; Giddens v. Bolling, 92 Ala. 586, 9 So. 274. Evidence of rental value pending appeal was proper. Giddens v. Bolling, supra.

BOULDIN, J. The suit is in unlawful detainer. The plaintiff's evidence tended to show a contract of rental of the property to the defendant from month to month, a stipulated rent of $20 per month during the will of the parties. The defendant's testimony tended to show a rental contract for a full year at $20 per month.

Plaintiff relied upon two notices in writing, one of December 27, 1922, giving notice to vacate on February 1, 1923. This was sufficient to terminate the tenancy. The other, the statutory demand for immediate possession, was dated February 3, 1923.

[1-3] The notice to produce the original notices in court on the trial, given at a former term of the court, although not in terms calling for them at subsequent terms, was sufficient to advise defendant they were wanted on the trial as evidence, and was effective from term to term. On proof of this notice to produce, and the papers not being produced, proven carbon copies became competent as secondary evidence. No claim being made that the original notices had been returned to plaintiff, they were presumed to be in the possession of defendant, and it was not necessary for plaintiff to prove the originals were not in its possession before offering secondary evidence.

[4] If plaintiff handed the written demand to defendant, informed him of its contents, and defendant refused to receive it, declaring he would not comply with it, this was a sufficient giving of the statutory notice in writing. Following this up by sending the notice by registered mail, while proper effort to get the notice into defendant's hands, was not es-

sential to perfect service of the notice or demand.

Plaintiff's evidence, taken as a whole, made it a question for the jury whether the paper was handed to defendant on February 3d, the day of its date, or on February 6th, the date it was delivered by registered mail. It thus became a jury question whether the notice was given ten days before suit brought on February 16th. The affirmative charge was properly refused to defendant. The defendant executed a supersedeas bond upon appeal to the circuit court pursuant to section 8022, Code of 1923.

After verdict for plaintiff for the property sued for, and $80 damages for detention, the court, on motion of plaintiff, and over objection of defendant, entered a judgment against defendant and the sureties on his supersedeas bond for $160 as the value of the rent of the premises pending the appeal.

[5, 6] Evidence of rental value pending appeal was properly received. This is not a matter involved at the time of bringing suit, and need not be claimed in the complaint. But the claim accrues during the pendency of the appeal by reason of a supersedeas depriving plaintiff of his possession. The statute provides for such a judgment, and as of course it must be based upon evidence. Code 1923, § 8023; Giddens v. Bolling, 92 Ala. 319, 13 So. 511; Crocker v. Goldstein, 209 Ala. 172, 95 So. 873.

[7] But who is to assess the value of the rents pending the appeal when the cause is tried by a jury? No instructions were given to the jury to assess the value of the rents pending the appeal, and no such assessment was made in their verdict.

In Spear & Thomasson v. Lomax, 42 Ala. 576, 588, it was expressly held the value of the rents should be assessed by the jury. This case arose under sections 3314 and 3316, Revised Code of 1867. These sections were the same in substance as now, except it was then required that judgment must be entered "on motion of appellees." This clause was stricken from the Code of 1907, § 4282, now section 8023, Code of 1923. This change would rather strengthen the idea that all the issues of fact should be submitted to the jury, on whose verdict the judgment of the court is to be entered. The same rule was followed and approved in Helton v. Ft. Gaines Oil & Guano Co. (Ala. Sup.) 39 So. 925.

We see no reason to overrule Spear & Thomasson v. Lomax, supra, and accordingly hold it was error for the court to enter the judgment for rents pending the appeal without having the amount assessed by the jury.

"Any person who, having entered into the possession of lands and tenements under a contract of lease, forcibly or unlawfully retains the possession thereof after the expiration of his term, or refuses to surrender the same on the written demand of the lessor, his agent or attorney, or legal representative, is liable for double the amount of the annual rent agreed to be paid under such contract, and for such other special damages as may be thereby sustained by the party thus unlawfully kept out of possession, to be recovered as now provided by law in actions of unlawful detainer, or by an action at law for damages." Code 1923, § 8014.

[8, 9] The provision for double rent under this section is highly penal. It attaches where the tenant holds over under the conditions named, for however short a period. This statute was enacted in 1860 (Acts 1859–60, p. 98), and incorporated in the chapter on Forcible Entry and Detainer in subsequent Codes. It refers to "possession of lands or tenements, under a contract of lease," and the penalty is fixed at "the annual rent agreed to be paid under such contract." Being penal in nature, the statute must be construed strictly according to its terms. Lykes v. Schwarz, 91 Ala. 461, 8 So. 71; Ullman v. Herzberg, 91 Ala. 458, 8 So. 408; Vizard Invest. Co. v. Mobile F. & O. Co., 197 Ala. 625, 73 So. 328; Smith v. Sharp, 210 Ala. 587, 98 So. 566. Accordingly, we hold this statute, in so far as it relates to the penalty of double rent, has no application to a rental contract from month to month, under which neither party is obligated to keep it in force for a year.

The rulings of the court on this issue were not in harmony with these views.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

BOULDIN, J. Appellee on application for rehearing suggests in brief that this court correct the judgment of the court below by striking out $160 awarded by the court for rents pending the appeal, and that the judgment as thus corrected be affirmed.

The verdict for $80 damages for detention appears to have been rendered on an erroneous assumption, as shown in the opinion, and was apparently based upon double the rents for two months, the period rents were in default at the time the suit was brought.

As shown by the opinion, the plaintiff was entitled to recover only the actual damage, namely, $40 for the two months' rent.

In order that the litigation may be ended, if the appellee so elects the application for rehearing is granted conditionally as follows:

If the appellee shall within 30 days from this date file a remittitur of the $160 awarded for rents pending the appeal, and a further remittitur of $40 upon the award of $80 for damages, thus reducing the total amount of damages to $40 the application will be, and is hereby, granted, and the cause will stand affirmed; otherwise the application for rehearing is overruled.

Application for rehearing granted conditionally.