(124 So. 87)

### BROWN v. BAKER. (6 Div. 170.)

Supreme Court of Alabama. Oct. 10, 1929.

Williams & Chenault, of Russellville, for appellant.

Ernest B. Fite, of Hamilton, for appellee.

46

BOULDIN, J. Action for unlawful detainer. Plaintiff, Brown, rented defendant, Baker, farm lands for the year 1926.

In July of that year they entered into a contract in writing looking to the purchase of the land by Baker. Under this contract, the purchaser was to pay about half the purchase money by December 1st, with some other charges, whereupon a conveyance was to be made, and mortgage given to secure the remaining purchase money. Thereupon Baker was to be relieved of rents, the contract of purchase dating as of January 1, 1926. Unless these conditions were met by the purchaser, the contract of rental was to remain in force; meantime the proceeds of the crops to be kept intact to secure the rents.

No purchase money was paid on December 1st, nor at any time. Defendant's evidence tends to show that on December 1st the plaintiff agreed by parol that defendant should go ahead and negotiate a loan and complete the purchase; that such negotiations proceeded, with some delays, meantime the defendant remaining in possession as conditional purchaser.

Plaintiff and persons to whom he had conditionally rented for the year 1927 becoming impatient with the delay and uncertainty, suit in unlawful detainer was instituted February 16, 1927. Defendant removed from the land pending the suit in the justice court. Plaintiff took judgment by default, including damages. On appeal to the circuit court, there was judgment for defendant, and plaintiff appeals.

The controlling question is whether the "ten days' demand in writing after the termination of his possessory interest" was given. Code, § 8001.

Appellant's view is that, on failure to comply with the contract of purchase December 1st, the rental contract again became effective; that, being for a definite term, expiring December 31, 1926, no statutory demand was necessary. This contention is based on Code, § 8826, new to the present Code, saying:

"When a tenancy is for a certain period, and the term expires by the terms of the lease, the tenant is then bound to surrender possession, and no notice to quit or demand of possession is necessary."

This section, found in the chapter on landlord and tenant, does not purport to deal with the action of unlawful detainer.

This action is highly penal, involving in many cases a penalty of double the agreed annual rents. Code, § 8014; Speer v. Lancaster-Johnson Lumber Company, 214 Ala. 688, 108 So. 746.

Section 8826 is merely declaratory of existing law; that is to say, no notice to quit or demand for possession is necessary when by the contract itself the date is fixed for termination of the possessory right, as distinguished from cases of tenancy at will or from month to month, wherein the possession is not wrongful until there is notice or demand terminating the tenancy. When tenancy ends by the terms of the lease or by notice to quit in cases where required, an action of ejectment lies. But unlawful detainer, by its statutory definition, lies only after demand in writing in all cases after the termination of the possessory interest.

There is some evidence that about January 25th plaintiff wrote defendant a letter calling for possession on February 5th. While this letter was not produced nor its contents proven with accuracy, sufficient appears from plaintiff's statement, and the letter of defendant in reply thereto, to indicate a demand for possession on the date named.

Without more, this imports that until February 5th defendant's possession was recognized as of right.

If defendant was then holding under parol agreement to perfect his purchase, his possession was not tortious, but in the nature of a tenancy at will. While parol evidence of such agreement, if not accompanied with part performance, would not meet the requirements of the statute of frauds as evidence of a valid purchase, it was admissible as fixing the nature of defendant's possession. So, if holding as a tenant at will, the notice or demand of February 5th served only as notice to quit, not as the statutory demand in unlawful detainer. Bush v. Fuller, 173 Ala. 511, 55 So. 1000; Rutledge v. White, 206 Ala. 329, 89 So. 599.

Plaintiff admits he told defendant he would give him further time to purchase the place at the price named in the written contract. No definite time limit is shown by the evidence of either party.

The evidence fully supports a finding of an agreement, express or implied, that defendant should retain possession while negotiating a loan to consummate his purchase. If so, plaintiff could not recover for want of a statutory demand in writing.

In view of the evidence, we find no reversible error in the oral charge, the charges refused to plaintiff, nor those given for defendant.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.