(130 So. 85)

**FISK TIRE CO. v. HUNTER et al.**

I Div. 579.

Supreme Court of Alabama.

June 5, 1930.

As Modified on Rehearing Oct. 9, 1930.

Rittenhouse M. Smith, of Mobile, for appellants.

Smith & Johnston, of Mobile, for appellees.

[1] Ante, p. 516.   [2] Ante, p. 240.

BOULDIN, J.

The suit is for the statutory penalty, "double the amount of the annual rent agreed to be paid," recoverable by the landlord against a hold-over tenant under Code, § 8014.

Plaintiffs leased to defendant a three-story brick building in Mobile for a term beginning May 1, 1923, and ending October 31, 1928, at an annual rental of $1,020, payable in monthly installments.

The lessee, failing to surrender possession on the expiration of the lease, received three days later, November 3d, through plaintiffs' real estate agents, the following notice or demand:

"Under date of May 28th, 1923, you entered into a written lease with the administrators of the estate of Marion S. Hunter, deceased, for the rental of the property on the West side of Water Street between Dauphin and St. Francis Sts., being a certain three story building known as #21 N. Water Street, for a period of five years and six months from the first day of May, 1923, which term ended and determined October 31, 1928.

"We are advised of your refusal to renew the lease for a term of one year from Nov. 1, 1928 and that you still continue, however, to occupy the property. Your possession being unlawful and your having continued to occupy the property since the expiration of your term, we are notifying you that we shall hold you responsible for 'double the annual rent agreed to be paid under' your contract of May 28, 1923, as provided by section 8014 of the Code of Alabama of 1923 and that we shall proceed to enforce our claim as well as a lien for such rent."

When the agent handed such notice to the manager of the lessee, the latter replied: "Why, we have got another place and we are going to get out, and we thought we would have a day or two, and we think this is a little bit arbitrary and snap judgment on us."

Seven days later, November 10th, the possession was surrendered to plaintiffs.

On these undisputed facts the court, sitting without a jury, rendered judgment for the penalty $2,040. Defendant appeals.

Code, § 8014, reads: "Any person who, having entered into the possession of lands and tenements under a contract of lease, forcibly or unlawfully retains the possession thereof after the expiration of his term, or refuses to surrender the same on the written demand of the lessor, his agent or attorney, or legal representative, is liable for double the amount of the annual rent agreed to be paid under such contract, and for such other special damages as may be thereby sustained by the party thus unlawfully kept out of possession, to be recovered as now provided by law in actions of unlawful detainer, or by an action at law for damages."

Appellees' construction of this statute, followed, it seems, by the trial court, is briefly this: The statute imposes the penalty under two alternatives: First. The forcible or unlawful retention of possession by the lessee after the expiration of his term. Second. Refusal to surrender the same on the written demand of the lessor.

The first alternative above contains within itself two alternatives: (a) Where the lessee forcibly retains possession; and (b) where he "unlawfully retains possession."

Any retention of possession after the expiration of his lease without the agreement or permission of the landlord is "unlawful" and subjects the tenant to this statutory penalty. Is this construction correct?

The present statute was enacted in 1860, under the title of an act "To amend the law relative to the unlawful detainer of lands." Acts 1859–60, p. 98. It was codified in the Revised Code of 1867, as section 3312, in the article on "Forcible entry and detainer, and unlawful detainer," where it has remained through all the successive Codes. The act does not purport to change the definition of unlawful detainer, as defined at the time by section 2852, Code of 1852, and as codified along with it in the Revised Code 1867 as section 3300, which read:

"*Unlawful Detainer Defined.*—An unlawful detainer is, where one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest, refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney."

Refusal to surrender possession on written demand or demand in writing is common to both statutes, at least as to the latter alternative, or apparent alternative of section 8014.

We note the statute on its face declares this penalty may be recovered in the action of unlawful detainer. Nothing indicates that, if plaintiff fail in the unlawful detainer suit, he could still recover the penalty.

True, the statute authorizes a separate action for the penalty; this, for the reason that a justice of the peace could not render a judgment in excess of $100. But certainly it cannot be plausibly argued a separate action could be maintained on less evidence than in the unlawful detainer suit.

Ullman & Co. v. Herzberg, 91 Ala. 458, 8 So. 408, seems to be the leading case construing this statute. In that case the tenant detained possession after the lease expired by its terms, and after written demand, being sued out by unlawful detainer.

578

The main point decided in the case was that this penalty accrues in full on failure to surrender possession on demand in writing, be the time of such detainer long or short. But the question of the sufficiency of the demand was raised, and on that point Chief Justice Stone said: "The written demand of possession was sufficient. The law fixes the penalty for disregarding such demand." Ullman & Co. v. Herzberg, 91 Ala. 461, 8 So. 408, 410.

This announcement is not in keeping with the construction here insisted upon by appellees. If to hold over after the lease expires is within itself to "unlawfully detain" the possession within the meaning of this highly penal statute, why add the latter alternative, if alternative it be?

In Vizard Invest. Co. v. Mobile Fish & Oyster Co., 197 Ala. 625, 73 So. 328, reference was made to "apparently two alternatives," but there was no occasion to decide whether two real alternatives are meant, or, if so, the effect of the first alternative.

Whatever may be the purport of "forcible" detention in this statute, we think "unlawfully retains the possession" has the same meaning as "unlawful detainer," defined by statute.

The latter apparent alternative is rather definitive than alternative in effect. The history, setting, and subject-matter all point to such interpretation. It can hardly be conceived that the Legislature intended that such severe penalty be incurred while yet no right to recover possession for an unlawful detainer has accrued. This is in accord with Ullman & Co. v. Herzberg, supra.

In the Code of 1907, § 4263, now Code, § 8001, the definition of unlawful detainer has been amended so as to require "ten days' demand in writing," instead of "demand in writing" as theretofore. "Written demand" in Code, § 8014, means now as heretofore such "written demand" as the law requires in unlawful detainer, now a ten days' demand.

Appellees cite Code, § 8826, as supporting their contention. This statute has been construed in Brown v. Baker (Ala. Sup.) 124 So. 87,[1] to be declaratory of existing law, and to have no reference to our unlawful detainer statutes.

The judgment of the court below is reversed, and one here rendered in favor of defendant.

Reversed and rendered.

## On Rehearing.

The original trial and question for review dealt with the statutory penalty only. It is insisted, however, the case should not be here rendered because of plaintiffs' claim for actual damages for holding over.

Inasmuch as one count of the complaint presented such issue, and the judgment would cut off this claim, we have concluded the cause should be remanded.

The judgment will be modified so as to show the judgment reversed and cause remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.