168 So. 693

# H. G. HILL CO. v. TAYLOR.

## 8 Div. 727.

Supreme Court of Alabama.

June 4, 1936.

Taylor, Richardson & Sparkman, of Huntsville, for appellant.

Watts & White, of Huntsville, for appellee.

KNIGHT, Justice.

Unlawful detainer by landlord against tenant.

Mrs. Taylor owned a certain storehouse and lot in the city of Huntsville, Ala., which she on the 23d day of July, 1925, rented to the appellant, and under this lease or rental contract the latter duly entered. It is undisputed in the evidence that Mrs. Taylor owned the property in question and that the appellant entered and took possession of the same as the tenant of Mrs. Taylor; and that the appellant paid the agreed monthly rent to its landlord for a number of years.

Upon the trial of the cause in the circuit court, to which court the case was appealed by appellant from the inferior court of Huntsville, the plaintiff offered in evidence the lease contract between the appellant and appellee. The appellant objected to the introduction of this contract

in evidence upon the ground that there was a witness to plaintiff's signature, *and that* "*the proof would have to be made by the witness,*" and upon the further ground that the instrument showed upon its face that it had been altered since its execution "by having a paper pasted on it and there was no explanation for that." And prior to its introduction, defendant also objected to the 'introduction of the lease because its execution by H. G. Hill Company was not shown.

We may at once dispose of the ground of the objection that the instrument had been altered since its execution by saying that the testimony showed that the contract had not been altered or changed in any respect after its execution, and that the paper pasted on the contract was placed there as a part of the instrument before its execution, and was a part of the instrument when signed and delivered.

Under the evidence in the cause there was no error committed in permitting the plaintiff to read in evidence either the original lease contract or the paper denominated "renewal lease."

The original lease has affixed thereto the corporate name of the lessee company, and its corporate seal. The "renewal lease" is also signed by the corporation in its corporate name, and has affixed to it its corporate seal. This renewal lease refers to the original lease and recites that such original lease was in fact executed by the appellant and appellee, using the following language:

"Witnesseth: That on July 23, 1925, a lease was entered into between the First Party and Second Party, for the renting of the store building, together with rooms and adjoining, located on the corner of Meridian and Walker Street, being known as No. 201 Huntsville, Alabama, and as the J. S. Taylor building.

"The said lease is recorded in Volume 199, page 150, of the Probate's Office, Madison County, Alabama, to which reference for particulars is here made."

To be noted, also, is the fact that this renewal shows the terms of the original lease, particularly as to the commencement and ending of the original lease. This last lease is signed in the corporate name of appellant by H. G. Hill, Jr., vice president of the corporation, and has the corporate seal of the corporation affixed thereto. The district general manager testified that the said H. G. Hill, Jr., was the vice president of appellant and that the signature of H. G. Hill, Jr., signed to the renewal contract, was in fact the signature of said H. G. Hill, Jr.

■ The presence of the corporate seal establishes prima facie that the instrument to which it is affixed is the act of the corporation, and dispenses with the necessity of any proof on the part of the person claiming under it that it was executed by the proper officers of the corporation, or that they had authority to so execute it, or that all proceedings to legalize its execution were had unless the corporation shall have rebutted the presumption arising from the presence of the seal. Graham v. Partee, 139 Ala. 310, 35 So. 1016, 101 Am. St.Rep. 32; Allen v. Alston, Ex'r, 147 Ala. 609, 41 So. 159; Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 So. 601; Code, § 6862.

We do not think there was error in permitting the plaintiff over the stated objections of the defendant, to read in evidence the two lease contracts.

The evidence shows, as above pointed out, that the appellant accepted the lease, and entered under it, and paid rent according to its terms. The evidence further shows without conflict that the appellant executed the lease in Nashville and sent the same to the appellee at Huntsville, Ala., and thereafter and thereunder entered into the possession of the property.

■ Nor was there any error in permitting the plaintiff to read in evidence the written demand made by her for possession of the property. This demand complied fully with the requirements of section 8001 of the Code.

■ The appellant's lease expired on July 31, 1935. It was not a lease for an unspecified term. It was a tenancy for a fixed term, and therefore no notice to terminate the lease was required. The only notice to be given, in order to enable appellee to prosecute her unlawful detainer action, was the one provided for in section 8001 of the Code. In the notice given by the appellee there was strict compliance with the provisions of the applicable section of the Code.

The case of Myles et al. v. Strange, 226 Ala. 49, 145 So. 313, dealt with a case where notice of the termination of the lease was required, and is not in point here.

We have carefully considered all questions argued in brief of counsel for a reversal of the cause, and finding no reversible error, it follows that the judgment of the circuit court is due to be affirmed, and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.