174 So. 481

### H. G. HILL CO. v. TAYLOR.
### 8 Div. 776.

Supreme Court of Alabama.

March 25, 1937.

Rehearing Denied June 3, 1937.

Taylor & Richardson, of Huntsville, for appellant.

Watts & White, of Huntsville, for appellee.

THOMAS, Justice.

The case was tried upon an agreed statement of facts.

The error assigned by appellant is that "the lower court erred in rendering judgment for the plaintiff."

The cross-assignments of error by appellee are that "the trial court erred in rendering judgment for the appellee for less sum than that claimed in the amended complaint," and "in not including in the judgment awarded appellee against appellant the sum of $100.00 claimed * * * as attorneys' fees."

The trial was had on amended count 2, and defendant pleaded in short by consent the general issue, with the usual leave to give in evidence any matter which would be good in bar if specially pleaded.

The plaintiff's judgment was for $1,320, as damages, together with the costs in that behalf expended.

The amended count claimed damages "under the provisions of Code of Alabama, section 8014," for that plaintiff leased to defendant the real property described under a "written lease contract for the term of one year," to begin as indicated, with the privilege of renewals; that defendant entered into possession of said premises, "exercised its privilege to renew" and agreed to pay rent to plaintiff, and did pay plaintiff as rent "during the last three years for the last renewal period the sum of $660.00 per annum." It is then averred "that after the expiration of said lease on July 31, 1935, and to-wit: the 27th day of August, 1935, she (plaintiff) commenced an action of unlawful detainer against defendant for recovery of said premises in the Inferior Court of Huntsville, and that on the 20th day of November, 1935, the defendant having taken an appeal to this court from the judgment of said Inferior Court, in favor of plaintiff, the plaintiff recovered a judgment against defendant in this court for possession of said premises in said action of unlawful detainer; and plaintiff avers that said judgment stands unreversed as the judgment of this court."

The amount of damages claimed is "double the amount of the annual rent agreed to be paid under said lease contract for the last renewal period of said lease," and for attorneys' fees, "claimed as special damages in accordance with the provisions of said statute."

The trial court allowed double damages, but disallowed attorneys' fees. Under the agreed statement of facts, it was shown that plaintiff incurred the reasonable expense for attorneys' fees indicated in the unlawful detainer suit. To this action of the trial court appellee cross-assigned errors.

The record shows that on July 23, 1925, Mrs. Taylor, appellee, rented the real property to H. G. Hill Company, appellant, and that by an instrument in writing between

the parties, the term of the lease was duly extended to July 31, 1935, the rent for the contract and for the year ending July 31, 1935, being $660. It is further shown that on August 27, 1935, "appellee instituted an unlawful detainer suit against the appellant in the Inferior Court of Huntsville for the possession of the leased premises. On September 7, 1935, appellee recovered judgment for possession of the property, and from this judgment appellant appealed to the Circuit Court"; that "after the appeal to the Circuit Court, and while the cause was pending in that Court, appellee amended her complaint by claiming one hundred dollars damages for the detention of the property for the period between the expiration of the lease and the bringing of the unlawful detainer suit. And on the trial, appellee recovered judgment for the possession of the property and sixty-five dollars damages for its detention. Appellant appealed from this judgment to the Supreme Court of Alabama, and the judgment of the Circuit Court was affirmed—H. G. Hill Co. v. Taylor, 232 Ala. 471, 168 So. 693—and the judgment was paid by appellant"; that "judgment was also rendered by the Circuit Court for $182.50, for damages for the detention of the property during the pendency of the appeal in the Circuit Court, which was at the rate of $75.00 per month, and this amount was also paid by appellee after the affirmance of the case by the Supreme Court. Appellant also paid appellee the sum of $475.00, same being damages for the detention of the property from November 20th, 1935 (date of the judgment of the Circuit Court in the unlawful detainer suit), to June 1, 1936, the date appellant delivered possession of the leased premises;" that this case "was tried by the court without a jury and judgment rendered against defendant, appellant here, for $1320.00, this being double the amount of the annual rent agreed to be paid under the lease contract, and this appeal is prosecuted from this judgment."

On first appeal this court, in considering the effect of that lease, said that it was for a fixed term and required no notice to enable the landlord to prosecute an action of unlawful detainer against the tenant; the "only notice required being statutory written demand for possession of leased property" under section 8001 of the Code. H. G. Hill Co. v, Taylor, 232 Ala. 471, 168 So. 693; Vizard Invest. Co.

v. Mobile Fish & Oyster Co., 197 Ala. 625, 73 So. 328.

■ Adverting generally to the statute and its terms (section 8014, Code), a penalty is provided for retaining possession of rented premises, by a tenant, after the expiration of the term of his lease, or for unlawful refusal to surrender the possession on the written demand of the lessor. That is to say, the statute specifically provides for accruing liability and damages recoverable (1) for the forcible or unlawful retention of possession of lands by the lessee after the expiration of his term; (2) for the refusal to surrender the same on written demand of the lessor; (3) for special damages "sustained by the party thus unlawfully kept out of possession"; and (4) "as now provided by law in actions of unlawful detainer, or by an action at law for damages," subject to the "ten days' demand in writing" by the landlord or his agent after the termination of the tenant's possessory interest, as provided by Code, § 8001. Vizard Inv. Co. v. Mobile Fish & Oyster Co., 197 Ala. 625, 627, 73 So. 328; Fisk Tire Co. v. Hunter et al., 221 Ala. 576, 130 So. 85; Speer v. Lancaster-Johnson Lumber Co., 214 Ala. 688, 108 So. 746; Brown v. Baker, 220 Ala. 45, 124 So. 87.

The effect of our decisions is that the statute provides that separate actions may be brought for the possession and for the penalty, and that if the amount of damages claimed—compensatory or penal—exceeds the jurisdiction of the justice court, such damages must be claimed in separate actions at law. In Fisk Tire Co. v. Hunter et al., supra, the action for double damages was in the circuit court; such likewise was the fact in Ullman & Co. v. Herzberg, 91 Ala. 458, 8 So. 408. In the last-cited case Judge Stone observed:

"Another ground of demurrer claims that, inasmuch as the complaint shows that a former suit—the unlawful detainer— was prosecuted by the present plaintiff against the present defendants, the penalty sued for in this action ought to have been claimed in that suit, and cannot be the ground of a separate, second action. There are two answers to this: First, the statute confers the right to sue separately in an action at law; second, the amount sued for in this case is in excess of a justice's jurisdiction, and cannot be recovered in an action of unlawful detainer. Const. Ala. art. 6, § 26, and note. * * *

"It is contended for the appellants that the proper interpretation of the statute (section 3391, Code 1886), fixes the penalty in cases like the present, not at double the amount of the rent for a year, but at double the rent for the time the landlord is kept out of possession. * * * The English statutes (4 and 11 Geo. II.) fixed the penalty at double the rent, 'so long as the tenant continued to hold over.' Under this language the penalty or forfeiture ceased whenever the possession was restored to the landlord, and so the courts determined.

"Our statute is different, and we must suppose the difference is intentional. It is not 'so long as the tenant continues to hold over.' It is not so long as the landlord is kept out of possession. It is not at the rate of double the agreed rent. Its precise language is that the tenant so holding over 'is liable for double the amount of the annual rent agreed to be paid under such contract.' It would seem that no room is left for interpretation, and we feel forced to interpret the statute as the trial court interpreted it." 91 Ala. 458, 460, 461, 8 So. 408, 409.

■ Adverting to the statute (section 8014, Code), it is a part of chapter 296, forcible entry and unlawful detainer (sections 7998–8031, Code), and considered in pari materia with the other provisions of that context. These several sections respectively provide that such actions as "forcible entry" and "unlawful detainer" for recovery of estates in land let for a term of years are "cognizable before a justice of the peace of the county in which the offense is committed" (sections 7998–8009, Code); that where the justice determines in favor of plaintiff, a writ of restitution is issued covering possession and costs (section 8010); but where the justice determines in favor of the defendant, "judgment must be rendered in his favor for the costs, upon which an execution may issue as in other cases" (section 8011); that the title is not an issue (section 8012); the statute of limitations of three years obtains (section 8013); and for the recovery of damages for detainer after the expiration of the term of the lease (section 8014).

The last indicated section provides for the recovery of two classes of damages for unlawfully holding over by a tenant after the expiration of the lease: (1) "Special damages as may be thereby sustained by the party thus unlawfully kept out of possession," which are in nature compensatory, and (2) damages "for double the amount of the annual rent agreed to be paid under such contract," which are a penalty for unlawfully holding over and keeping out of possession the landlord, after the expiration of the term of the lease.

■ The effect of our decisions as to recovery of damages under said statute is that the time in which the possession is held over by the tenant after the ten days' written demand is immaterial (Cleveland v. Little Cahaba Coal Co., 205 Ala. 369, 87 So. 567); that recovery is measured by the rental for a whole year, and that for double the rental has no application to monthly rental (Lykes v. Schwarz, 91 Ala. 461, 8 So. 71; Ullman & Co. v. Herzberg, 91 Ala. 458, 8 So. 408; Speer v. Lancaster-Johnson Lumber Co., 214 Ala. 688, 108 So. 746); that if the amount of the rent for the yearly period exceeds the jurisdiction of a justice court, the same must be recovered in a court having jurisdiction of the amount in controversy (Lykes v. Schwarz, supra; Giddens v. Bolling, 92 Ala. 586, 9 So. 274); that where a tenant fails to vacate premises on demand for failure to pay rent due, the statute is held not to apply as to double damages, since the statute is penal, is strictly construed, and only to be applied to holding over at the expiration of the term of the lease (Dillard et al. v. Johnson, 201 Ala. 634, 79 So. 106); that after possession is obtained by a suit for unlawful detainer, a second suit may be brought to recover damages (Ullman & Co. v. Herzberg, 91 Ala. 458, 8 So. 408); and, that evidence of the reasonable value of the use and occupation of the land per annum, held not reversible error, where judgment rendered for twice the annual rental agreed on, was for less than the amount testified to as the reasonable value (Smith v. Sharp, 210 Ala. 587, 98 So. 566; Archer v. Sibley, 201 Ala. 495, 78 So. 849).

The question now presented was raised by Judge Stone in Lykes v. Schwarz, 91 Ala. 461, 466, 8 So. 71, 72, where it was said: "Should further litigation be contemplated, it may [be] well to consider whether, having obtained partial recovery, a second suit can be maintained for the penalty or damages for the alleged holding over." In Oliver v. Holt, 11 Ala. 574, 46 Am.Dec. 228, the account, held not sus-

ceptible of division, recovery of a part by suit would debar an action for the residue; Davis v. Bedsole, 69 Ala. 362, sought damages for breach of a contract, held the whole matter should have been litigated in the justice court, the two suits being between the same parties, in the same right or capacity, and the same subject-matter; Wharton v. King, 69 Ala. 365, a suit for sale of goods, held the whole account between the parties should be litigated and not split into two suits, and there was remittitur to such part of the account not included; McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230, held all breaches occurring prior to the commencement of the action must be included, and that there is remittitur as to items not so included. To like effect are First Nat. Bank of Gadsden v. Murphree, 218 Ala. 221, 118 So. 404; Bell v. Jones, Judge, 223 Ala. 497, 500, 136 So. 826.

There are three recent cases now to be considered. In Lawrence et al. v. United States Fidelity & Guaranty Co., 226 Ala. 161, 163, 145 So. 577, it was held that in order for the judgment in the prior suit to render the question in a subsequent suit res adjudicata, the same issues of fact must have been involved, within issues pleaded or which ought to have been litigated, between the same parties or privies, and applied to the parties or privies at the time of the rendition of that judgment. Such is the generally accepted rule, as we indicated in Crowson v. Cody, 215 Ala. 150, 153, 110 So. 46; Cobbs v. Norville et al., 227 Ala. 621, 151 So. 576; Dunn v. Ponceler et al., 230 Ala. 375, 161 So. 450. In Shell v. Pittman, et al., 229 Ala. 380, 157 So. 205, the court said that the defendant "rests the sufficiency of its pleas upon the theory that both the present and former actions are ex contractu, for breach of a contract, and that as such several breaches occurred prior to the first suit all should have been embraced therein as stipulated in section 5721, Code 1923." And in Watson v. Clayton, 230 Ala. 59, 159 So. 481, the holding was that the "payee or holder of note or mortgage containing acceleration clause may, if he so elects, proceed to foreclose or declare at law on entire debt, but he is not required by terms of contract or law to do either."

This pleading was in short by consent, with the usual leave; presented all pleadings and issues that are not required to be presented by sworn pleas (Louisville & Nashville Railroad Co. v. Courson, ante, p. 273, 174 So. 474); and res judicata may be thus pleaded.

At common law no recovery for damages may be had in unlawful detainer; such damages being recoverable only as authorized by statute. 26 C.J. page 862, § 134; page 870, § 152. And in Lykes v. Schwarz, 91 Ala. 461, 8 So. 71, the effect of Judge Stone's holding is, that if damages for detention are had in such action, another action under section 8014 of the Code cannot be maintained in the observation we have set out above. The amendment claiming damages was made in the circuit court. The trial being on an appeal from a justice's court, a judgment could not be rendered on appeal in the circuit court for the double penalty. Giddens v. Bolling, 92 Ala. 586, 9 So. 274; Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552. The amendment of date September 12, 1935, however, amounted to a remittitur of the other or double damages. Under this state of the pleading, the plaintiff cannot maintain the second suit for the balance of the penalty, as is now sought.

It follows from the foregoing that appellee's cross-assignments of error are not well taken. The suit being on an agreed statement of facts, the judgment of the circuit court is reversed, and a judgment is here rendered for the defendant-appellant.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.