180 So. 689

## MINOR v. HICKS.

### 5 Div. 280.

Supreme Court of Alabama.

April 21, 1938.

J. B. Atkinson, of Clanton, for appellant.

A. B. Foshee, of Clanton, for appellee.

BROWN, Justice.

This is an action of unlawful detainer by the appellee against appellant to recover possession of "twenty acres of land more or less together with the buildings thereon situated on the North side of Oak Street in the Town of Thorsby, Chilton County, Alabama, and known as the Charles A. Peterson home place."

The plaintiff had judgment in the justice of the peace court, and defendant appealed to the circuit court, where the case was submitted on a stipulation of fact; the trial resulting in a judgment for the plaintiff.

The stipulation is that Hicks, the appellee, let the·property to the defendant, Minor, in December, 1935, or the first part of January, 1936, "for the year of 1936 at and for the sum of one hundred and fifty dollars ($150.00) rent, and that no time was specified in the rental contract when Newt Minor was to surrender the possession of said leased land to the said R. A. Hicks; that the said Newt Minor went into possession of same during all the year 1936, and up until the 5th day of January, 1937, as tenant of the said R. A. Hicks. That no notice was given to defendant Newt Minor, by R. A. Hicks, either oral or in writing prior to January 5th, 1937, terminating the defendant's possessory interest as tenant of said property. That on the 5th day of January, 1937, R. A. Hicks mailed to defendant Newt Minor by registered letter with return receipt requested," notice to vacate the property, which was received by him more than ten days before the suit was instituted, and said defendant failed and refused to surrender possession of the premises.

The contention of appellant is that he was entitled to notice terminating his tenancy, and, in the absence of such notice, he is not liable in an action of unlawful detainer under section 8001 of the Code 1923.

Where, by the terms of a lease, the tenancy is for a specific period of time, the expiration of the time terminates the tenancy, and in such case only the notice required by section 8001 is· required. Code 1923, § 8826; Brown v. Baker, 220 Ala. 45, 124 So. 87; Sherrill v. Garth et al., 230 Ala. 397, 161 So. 482; H. G. Hill Co. v. Taylor, 232 Ala. 471, 168 So. 693.

Section 8822 of the Code, as amended by Gen.Acts 1932, Ex.Sess., p. 14, provides that: "In all cases of tenancy by the month or for any other term less than one year, where the tenant holds over without special agreement, the landlord shall have the right to terminate the tenancy by giving the tenant Ten days notice in writing of such termination, and the landlord upon giving said notice for said time shall be authorized without further notice to the tenant to recover possession of the rented premises in an action of unlawful detainer." Gen.Acts 1932, Ex.Sess. p. 14.

Myles et al. v. Strange, 226 Ala. 49, 145 So. 313, was commenced March 9; 1931, before the amendment of the statute.

Under the terms of the lease between Hicks and Minor, the latter's ten-ancy, as a matter of law and contract, terminated with the last day of December, 1936, and no necessity existed for notice to terminate it.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.