82 So.2d 348

**Herman ROBERSON et al.**

v.

**William O. BALDWIN.**

**3 Div. 984.**

Court of Appeals of Alabama.

Aug. 30, 1955.

Ben Hardeman, Montgomery, for appellants.

Henry C. Meader and Ralph A. Franco, Montgomery, for appellee.

HARWOOD, Presiding Judge.

In the trial below this case went to the jury on five counts, namely Counts 6, 7, 9, 10, and 11.

Count 6 sounded in unlawful detainer and claimed $3,600 as damages, being double the amount of annual rent agreed to be paid under a lease entered into between the appellant lessee and the appellee landlord.

The count avers in pertinent parts that the appellants entered into the possession of the described premises under the lease, which expired on 1 October 1950; that under the terms of the lease, a copy of which was attached to and made a part of the count, the appellants agreed to surrender possession of the premises at the termination thereof, without notice of said termination; and in reliance upon such agreement the appellee leased the premises to other parties for a term commencing at the expiration of the lease; the complaint further avers that appellee made a written demand for possession of the premises by letter dated 1 September 1950, and delivered to appellants on that day, a copy of the letter being attached to and made a part of the count; the count further avers that the appellants failed to comply with the lease, and said demand for possession, and unlawfully retained possession of the premises through 12 October 1950; it was further averred that the annual rent under the terms of the lease was $1,800, and appellee claimed the sum of $3,600, "being double the amount of the annual rent agreed to be paid under said lease, as provided by Section 977, Title 7, Code of Alabama of 1940."

Count 7 is virtually identical with Count 6, except that no written notice of the termination of the lease is averred, but rather a waiver of demand for possession is averred, said waiver arising out of the terms of the lease.

Count 9 claimed damages of $230.64, as double the value of the customary rent of

the property withheld, as provided by Section 46(3), Title 31, Code 1940. This count avers the written notice contained in the letter of 1 September 1950.

Count 10 is substantially the same as Count 9, except it relies upon waiver of demand for possession arising out of the terms of the lease.

Count 11 claims $115.32 damages as being the value of the use and occupation of the premises during the time the premises were unlawfully withheld.

Demurrers were filed to the counts separately and severally, and by the court overruled.

Issue was thereupon joined upon a plea of the general issue in short by consent with leave to give in evidence matters admissible if specially pleaded.

A jury trial resulted in a general verdict for the plaintiff, his damages being assessed at $750.

Both parties filed motions for new trials, which motions were overruled. The defendants thereafter perfected an appeal to this court, the appeal being upon the record proper, with no transcription of the evidence.

Counsel for the appellants has assigned innumerable grounds of error. We will, however, pretermit consideration of all but two propositions which we think conclusive.

One of these propositions, properly assigned as error, is that the court erred in refusing appellants' motion for a new trial in that the verdict cannot properly be referred to any of the counts of the complaint submitted to the jury.

The amount of damages assessed in the general verdict was $750. If any of the counts will sustain this award, the verdict will of course be referred to such count or counts.

In his brief counsel for appellee states: "It is true the verdict could not be referred to Count Eleven which only claimed $115.-32, or to either Count Nine or Ten, each of which claimed $230.64, but there is no difficulty whatever in referring it to either Count Six or Count Seven, each of which we believe the Court will find to be good."

We agree with the above statement to the extent that the verdict cannot rationally or under controlling principles be referred to either Counts 9, 10, or 11, because of the gross disparity between the amounts claimed in such counts and the amount awarded in the verdict.

■ The verdict and judgment therefore must be referred to Counts 6 and 7, the counts seeking the statutory penalty provided for under Section 977 of Title 7, Code 1940.

Among the grounds of demurrer addressed to Counts 6 and 7 are several questioning the sufficiency of the counts because of their failure to aver that the plaintiff gave to the defendants, after termination of their possessory interest in the premises, the ten days' statutory notice to deliver over possession of the premises.

The rulings on demurrer were among the grounds assigned in appellants' motion for a new trial, and, further, Assignment of Error No. 10 specifically asserts as error the action of the court in overruling the demurrer of the defendants filed in open court on April 29, 1953, as directed to Count 6 as last amended. Assignment of Error 11 is identical as to Count 7.

■ These assignments are entirely sufficient to invite our review of the sufficiency of Counts 6 and 7 as tested by the demurrers on the grounds above mentioned. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Copeland v. Swiss Cleaners, 255 Ala. 519, 52 So.2d 223.

The answer depends upon whether the letter written and delivered by plaintiff below to the defendants on 1 September 1950 can be deemed a demand for possession in compliance with the principles governing unlawful detainer suits seeking double the amount of the annual rent as provided in Section 977, supra, or, further, whether the provision in the lease that the lessees expressly waive "the service of any notice of intention to re-enter, notice to

terminate the tenancy, notice to quit or demand for possession" obviates the requirement of the ten days' demand for possession ordinarily required in actions under such statute.

Section 977, supra, is as follows:

"Any person who, having entered into the possession of lands and tenements under a contract of lease, forcibly or unlawfully retains the possession thereof after the expiration of his term, or refuses to surrender the same on the written demand of the lessor, his agent or attorney, or legal representative, is liable for double the amount of the annual rent agreed to be paid under such contract, and for such other special damages as may be thereby sustained by the party thus unlawfully kept out of possession, to be recovered as now provided by law in actions of unlawful detainer, or by an action at law for damages."

█ This section must, however, be considered in pari materia with other code sections relating to forcible entry and unlawful detainer actions. Hill Co. v. Taylor, 234 Ala. 282, 174 So. 481. And, being highly penal, it must be strictly construed. Speer v. Lancaster-Johnson Lumber Co., 214 Ala. 688, 108 So. 746.

Among the other statutory provisions relating to unlawful detainer, and in light of which Section 977, supra, must be construed, is Section 967, Title 7, Code 1940, which defines an unlawful detainer as being "where one who has lawfully entered into possession of lands as tenant, fails or refuses on ten days' demand in writing *after* the termination of his possessory interest, to deliver the possession thereof to anyone lawfully entitled thereto, his agent or attorney; and it is sufficient to leave a copy of such demand in writing at the usual place of abode of the party holding over." (Emphasis ours.)

In Fisk Tire Co. v. Hunter, 221 Ala. 576, 130 So. 85, 86, the plaintiffs sought to recover double the annual rent of the leased premises under the provisions of Section 8014 of the Code of 1923 (now Section 977, supra). The lessors had served a written demand for possession some three days *after* the lease had expired. The tenant removed from the premises four days later. In holding that the lessors could not, under these circumstances, recover the statutory penalty of double the annual rent, Bouldin, J., pointed out that the statute (now Section 977, supra) imposes the penalty under two alternatives: First, the forcible or unlawful retention of the premises after expiration of the term, and, second, refusal to surrender the same on written demand of the lessor.

After tracing the history of the act (now Section 977, supra), Judge Bouldin observed: "The act does not purport to change the definition of unlawful detainer * * *.

*   *   *   *   *   *

"We note the statute on its face declares this penalty may be recovered in the action of unlawful detainer. Nothing indicates that, if plaintiff fail in the unlawful detainer suit, he could still recover the penalty.

"True, the statute authorizes a separate action for the penalty; this, for the reason that a justice of the peace could not render a judgment in excess of $100. But certainly it cannot be plausibly argued a separate action could be maintained on less evidence than in the unlawful detainer suit."

The opinion then points out that unlawful detainer statute, as amended (now Section 967, supra), requires a ten days' demand in writing.

We wish to also point out that Section 967, supra, specifically defines unlawful detainer as arising where one lawfully entering premises refuses to surrender same on ten days' demand in writing after termination of his possessory interest.

█ The letter written to the appellants by the appellee on 1 September 1950, prior to the termination of appellants' possessory interest, does not therefore satisfy this necessary prerequisite to the maintenance of the action under Section 977, supra.

Counts 6 and 7, failing to aver that any written demand for possession of the premises was made upon appellants after the expiration of the lease, were faulty in such omission, and the demurrer should have been sustained as to each count in this aspect.

■ Nor does the averment in each of said counts that under the terms of the lease the appellants agreed to surrender possession of the premises without notice of the termination of the lease abort the operation of Section 967, supra, requiring ten days' written demand for possession *after* termination of the lease.

In Brown v. Baker, 220 Ala. 45, 124 So. 87, 88, it was contended that because of the enactment of Section 8826 of the Code of Alabama 1923 (now Section 9 of Title 31, Code 1940) no written demand for possession was necessary as a condition to maintaining the penal action for double the annual rent.

The then new enactment (now Section 9, supra) provided:

" 'When a tenancy is for a certain period, and the term expires by the terms of the lease, the tenant is then bound to surrender possession, and no notice to quit or demand of possession is necessary.' "

The court concluded that this statute was merely declaratory of existing law, in that no notice to quit or demand for possession is necessary when by the terms of the contract itself the date for termination of the possessory interest is fixed. When a tenancy so ends an action for ejectment will lie.

The court further observed that Section 9, supra, does not purport to deal with the highly penal action of unlawful detainer, which "by its statutory definition, lies only after demand in writing in *all* cases *after* the termination of the possessory interest." (Emphasis ours.)

The lease provision pertaining to waiver of notice to quit or to surrender possession likewise was but a reflection of existing law, and under the doctrine of Brown v.

Baker, supra, in no wise obviated the ten days' written demand for possession after termination of the possessory interest as required by Sections 967 and 977, supra.

Section 9, supra, merely obviates the requirement of notice of termination of tenancy in those cases where the tenancy is for a definite term and ends upon the expiration of the time set. In such cases only the notice required by Section 967, supra, is then required as a prerequisite to proceeding under Section 977, supra. Minor v. Hicks, 235 Ala. 686, 180 So. 689.

The lease provisions averred in Counts 6 and 7 therefore did not dispense with the necessity of the ten days' demand in writing after termination of the lease, and, these counts having failed to allege such demand, the demurrers pointing out such defect should have been sustained.

Counts 6 and 7 being defective, and there being no other counts to which the verdict of $750 could be referred, it follows that this cause must be reversed.

Reversed and remanded.